| STATE OF WISCONSIN | CIRCUIT COURT | MILWAUKEE COUNTY |
|---|---|---|

Akil K. Carter,
Paulette H. Barr, and
Sandra K. Adams,

       Plaintiffs,

  v.                                                Case No. 2019CV006180

City of Wauwatosa,
Chief Barry Weber,
Patrick Kaine, Luke Vetter,
Nicole Gabriel, Derek
Dienhard, John Does 1-3 and
Jane Does 1-3,

       Defendants.

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants City of Wauwatosa, Barry Weber, Patrick Kaine, Luke Vetter, Nicole Gabriel and Derek Dienhard, by their attorneys, Gunta Law Offices, S.C., submit their Answer to Plaintiff's Complaint as follows:

**INTRODUCTION**

1. Admit.

**JURISDICTION AND VENUE**

2. Deny. This civil matter will be removed to Federal Court due to the Fourth, Fifth and Fourteenth Amendment claims.

3. Deny. This civil matter will be removed to Federal Court due to the Fourth, Fifth and Fourteenth Amendment claims.

-1-

## PARTIES

4. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 4, and therefore deny the same.

5. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 5, and therefore deny the same.

6. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 6, and therefore deny the same.

7. Admit.

8. Admit.

9. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 9, and therefore deny the same.

10. If Wauwatosa is found liable for allegations contained within the Complaint, admit.

11. Deny.

12. Admit.

13. Admit.

14. Deny.

15. Admit.

16. Deny.

17. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 17, and therefore deny the same. Further answering Paragraph 17, deny any knowledge regarding phantom Defendant "Vettner."

## SUPPORTING FACTS

18. Admit.

**The City of Wauwatosa's Historic Racial Divide**

19. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 19, and therefore deny the same.

20. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 20, and therefore deny the same.

21. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 21, and therefore deny the same.

22. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 22, and therefore deny the same.

23. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 23, and therefore deny the same.

24. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 24, and therefore deny the same.

25. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 25, and therefore deny the same.

**The September 2, 2019 Vehicle Stop of this Family**

26. Admit.

27. Admit.

28. Admit that Paulette Bar was riding in the front passenger seat of the vehicle. Lack knowledge and information sufficient to form a belief as to the truth or falsity of the remainder of Paragraph 28, and therefore deny the same.

29. Admit.

30. Admit that Ms. Barr was in the front passenger seat and that Mr. Carter was riding in the back seat of the vehicle. Lack knowledge and information sufficient to form a belief as to the truth or falsity of the remainder of Paragraph 30, and therefore deny the same.

31. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 31, and therefore deny the same.

32. Admit.

33. Admit that Officer Kaine ordered Mr. Carter out of the vehicle. Admit that several other Wauwatosa police officer joined Officer Kaine during the stop. Admit that Mr. Carter was ordered to his knees. Admit that Mr. Carter was detained by Wauwatosa officers. Lack knowledge and information sufficient to form a belief as to the truth or falsity of the remainder of Paragraph 33, and therefore deny the same.

34. Deny that there was a dearth of indication that any of them had broken or were about to break any law. Lack knowledge and information sufficient to form a belief as to the truth or falsity of the remainder of Paragraph 34, and therefore deny the same.

35. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 35, and therefore deny the same.

36. Admit Mr. Carter was handcuffed and detained by Wauwatosa officers. Admit Mr. Carter was ordered to his knees.

37. Admit.

38. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 38, and therefore deny the same.

39. Admit Officer Kaine was "flagged down" by an unidentified witness. Deny the remainder of Paragraph 39.

40. Deny that there was a "phantom witness." Admit the remainder of Paragraph 40.

41. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 41, and therefore deny the same.

42. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 42, and therefore deny the same.

43. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 43, and therefore deny the same.

44. Admit.

45. Admit.

46. Deny.

47. Admit that there was no warrant authorizing the seizure of the Plaintiffs. Deny the remainder of Paragraph 47.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Admit that at all times relevant to the claims in the Complaint that Defendants Kaine, Gabriel and Dienhart acted under color of law and within their scope of their employment as law enforcement officers for Wauwatosa. Deny the allegations regarding Phantom Defendant "Kettner."

## PLAINTIFFS' CAUSES OF ACTION AGAINST THE DEFENDANTS
## COUNT 1
## VIOLATIONS OF THE PLAINTIFFS' CIVIL RIGHTS UNDER 42 USC § 1983.

53. These Defendants reallege and incorporate paragraphs 1 through 52 of this Answer.

54. Admit that the Defendants named in the Complaint are "persons" for purposes of 42 U.S.C. § 1983 and that they acted under color of law. Deny the named Defendants deprived the Plaintiffs of their constitutional and civil rights.

55. Admit.

56. Deny.

57. Deny.

## COUNT 2
## MONELL LIABILITY

58. These Defendants reallege and incorporate paragraphs 1 through 57 of this Answer.

59. Deny.

60. Deny.

61. Admit.

## FAILURES TO TRAIN, DISCIPLINE, AND SUPERVISE

62. Deny.

63. Deny.

64. Deny.

## POLICIES AND CUSTOMS OF CONDONING RACIAL PROFILING
## IN TRAFFIC STOPS AND RIGHTS VIOLATIONS

65. These Defendants reallege and incorporate paragraphs 1 through 64 of this Answer.

66. Deny. Further answering Paragraph 66, deny any allegations regarding Phantom Defendant "Vettner."

67. Deny.

68. Deny.

69. Admit that Mr. Carter was in the back of the squad car, handcuffed, although he had committed no crime. Deny the remainder of Paragraph 69.

70. Deny.

71. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 71, and therefore deny the same.

72. Deny.

73. Deny.

## COUNT 3
## NEGLIGENCE

74. These Defendants reallege and incorporate paragraphs 1 through 73 of this Answer.

75. Deny.

76. Deny.

## COUNT 4
## VIOLATION OF DUE PROCESS UNDER THE WISCONSIN CONSTITUTION

77. These Defendants reallege and incorporate paragraphs 1 through 76 of this Answer.

78. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 78, and therefore deny the same.

79. Deny.

## COUNT 5
## VIOLATION OF RIGHT TO BE FREE OF UNREASONABLE SEARCHES AND SEIZURES UNDER THE WISCONSIN CONSTITUTION

80. These Defendants reallege and incorporate paragraphs 1 through 79 of this Answer.

81. Deny.

82. Deny.

## COUNT 6
## RIGHT TO EQUAL TREATMENT UNDER THE WISCONSIN CONSTITUTION

83. These Defendants reallege and incorporate paragraphs 1 through 82 of this Answer.

84. Deny all allegations contained in Paragraph 84.

## COUNT 7
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

85. These Defendants reallege and incorporate paragraphs 1 through 84 of this Answer.

86. Deny.

87. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 87, and therefore deny the same.

88. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 88, and therefore deny the same.

89. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 89, and therefore deny the same.

90. Deny.

## COUNT 8
## NEGLIGENT HIRING, TRAINING AND PROMOTION

91. These Defendants reallege and incorporate paragraphs 1 through 90 of this Answer.

92. Lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 92, and therefore deny the same.

93. Deny.

## COUNT 9
## FALSE IMPRISONMENT

94. These Defendants reallege and incorporate paragraphs 1 through 93 of this Answer.

95. Deny.

96. Deny.

## COUNT 10
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

97. These Defendants reallege and incorporate paragraphs 1 through 96 of this Answer.

98. Deny.

99. Deny.

100. Deny.

## DAMAGES

101. Deny the Plaintiffs are entitled to the relief requested.

102. Deny the Plaintiffs are entitled to the relief requested.

103. Deny the Plaintiffs are entitled to the relief requested.

104. Deny the Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' state law claims are subject to the procedural prerequisites for bringing or maintaining a cause of action under § 893.80(1)(a) and (1)(b), Wis. Stats. and the exclusions, immunities and limitations on liability set forth in § 893.80, Wis. Stats.

3. Any injuries or damages suffered by the Plaintiffs were caused by their own conduct and/or the conduct and contributory negligence of a third party other than the Defendants.

4. The Plaintiffs may have failed to mitigate their damages.

5. Plaintiffs' Complaint fails to state a cause of action against the City of Wauwatosa pursuant to Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) since there can be no recovery for a federal civil rights violation where there is no constitutional depravation occurring pursuant to government policy, custom, or practice.

6. All of the acts for the answering Defendants were in good faith and not motivated by malice or the intent to harm.

7. Plaintiffs are not entitled to punitive damages.

8. Defendants are entitled to qualified immunity from suit.

9. Defendants are entitled to discretionary act immunity.

**WHEREFORE**, Defendants demand judgment dismissing this matter and awarding them their costs and reasonable attorney's fees.

Dated at Wauwatosa, Wisconsin this 30th day of September, 2019.

GUNTA LAW OFFICES, S.C.
Attorneys for Defendants City of Wauwatosa, Barry Weber, Patrick Kaine, Luke Vetter, Nicole Gabriel and Derek Dienhard

/s/ John A. Wolfgang
Gregg J. Gunta, WI Bar No. 1004322
Ann C. Wirth, WI Bar No. 1002469
John A. Wolfgang, WI Bar No. 1045325
Jasmyne M. Baynard, WI Bar No. 1099898
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin  53226
Telephone: (414) 291-7979
Facsimile: (414) 291-7960
Emails: gjg@guntalaw.com
acw@guntalaw.com
jaw@guntalaw.com
jmb@guntalaw.com