IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AKIL CARTER, et al.,
    PLAINTIFFS,

v.                                        Case No. 19CV1422 (JPS)

CITY OF WAUWATOSA, et al.,
    DEFENDANTS.

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**
**(ORAL ARGUMENT REQUESTED)**

NOW COME the Plaintiffs to submit their Motion for Partial Summary Judgment. As further grounds therefore, they submit the following:

## INTRODUCTION

In its answer, the Defense alleged two affirmative defenses that can be dismissed summarily at this point in the litigation.

First, the Defense alleges, "any injuries or damages suffered by the Plaintiffs were due to their own conduct and/or the conduct and contributory negligence of a third party other than the Defendants."[1] Second, the Defense alleges that the Plaintiffs failed to mitigate their damages.[2] Even taking all facts and inferences in favor of the Defense, both of these affirmative defenses are unsupported by the facts and law of this case – particularly as applied to the Plaintiffs' civil rights claims.

## UNDERLYING FACTS AND PROCEDURAL HISTORY

### I. Relevant Facts

Mr. Carter is a young, African-American man.[3] On September 2, 2018, he is riding in a car with two Caucasian women: Sandra Adams and Paulette Carter. Sandra Adams is driving and Mr. Carter's grandmother, Paulette Barr, is riding in the front passenger seat of the vehicle. Ms. Adams and Ms. Barr are Caucasian.[4]

---

[1] ECF Doc. 4 at 10.
[2] *Id.*
[3] Plaint. SOF at 1, Para. 1.
[4] *Id.* at Para 2.

Defendant Kaine, a City of Wauwatosa Police Officer, initiates a vehicle stop of the Plaintiffs, based on what he claims is a "tip" from a citizen that two African-American men are robbing a Caucasian woman in a blue Lexus.[5]

Kaine orders everyone in the car to put their hands up.[6] With his gun drawn, Defendant Kaine orders Mr. Carter out of the car.[7] Kaine orders Mr. Carter to walk backward the ground and then get on his knees. Despite being confused, Mr. Carter is compliant.[8] Mr. Carter is unarmed and poses no threat.[9]

The other officers named in the Complaint – Vetter, Gabriel, and Dienhart -- join Officer Kaine during the stop.[10] In the background of the video, one of the officers loads and charges his rifle.[11]

These citizens are not free to leave.[12] Ms. Barr and Ms. Adams are confused when the officers approach them.[13] The Wauwatosa Police

---

[5] *Id.* at 1, Para. 3.
[6] *Id.* at 2, Para. 4.
[7] *Id.* at 2, Para. 5.
[8] *Id.* at 2, Para. 6.
[9] *Id.* at 2, Para. 7.
[10] *Id.* at 2, Para. 8.
[11] Id. at 2, Para. 9.
[12] Id. at 2, Para. 10.
[13] Id. at 2, Para. 11.

detain them for several minutes, to include after Ms. Barr tells the police that Mr. Carter is her grandson.[14]

## II. Procedural History

On or about August 9, 2019, the Plaintiffs file their Complaint with the Milwaukee County Circuit Court. The Complaint alleges several intentional torts, to include violations of their constitutional rights[15] and *Monell* liability against the City of Wauwatosa. The Complaint also alleges three counts of negligence –negligence (Count 3),[16] negligent infliction of emotional distress (Count 7),[17] and negligent hiring, training, and promotion (Count 8).[18]

The Defense removed the matter to this Court, due to the Plaintiffs' constitutional claims.

## BURDEN OF PROOF AND STANDARD OF REVIEW

A factual issue, which may reasonably be resolved in favor of either party, will preclude the entry of summary judgment if it is material to the case.[19] Generally, if the party opposing summary judgment fails to make a sufficient showing on an essential element of his case to which he bears the

---

[14] Id. at 3, Para. 12.
[15] ECF Doc. 1-2 at 11-2, 22Counts 1-2, 4, 5, 6, 9, 10.
[16] ECF Doc. 1-2 at 16.
[17] ECF Doc. 1-2 at 18.
[18] ECF Doc. 1-2 at 18-19.
[19] *A.V. Consultants, Inc. v. Barnes,* 978 F.2d 996, 1000 (7th Cir. 1992).

burden of proof, there can be no genuine issue of material fact, since a complete failure of proof concerning an essential element necessarily renders all other facts immaterial.[20] This standard is qualified, however, by the actual quantum and quality of proof necessary to support liability under the governing substantive law.[21]

## ARGUMENT

Contributory fault is no defense to an intentional tort.[22] The Defendants' Answer is not clear what else is meant by the statement in their answer that the Plaintiffs' injuries or damages were "caused by their own conduct," other than this assertion is part of the rest of the sentence, which asserts contributory negligence as a defense.[23] To the extent that the Defendants still wish to pursue this defense, it would only be available to defend Counts Three (Negligence), Count Seven (Negligent Infliction of Emotional Distress), and Count Eight (Negligent Hiring, Training, and Promotion).

---

[20] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[21] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).
[22] *AMPAT/Midwest, Inc. v. Illinois Tool Works*, 896 F.2d 1035, 1041 (7th Cir. 1990).
[23] ECF Doc. 4 at 10.

To the extent that the defense is legally available for the Plaintiffs' negligence claims, the defense has no support in the record. The idea that the Plaintiffs somehow brought the Defendants' unconstitutional, wrongful conduct upon themselves is ludicrous and has been are unsupported from the outset of this case. The only thing that the Plaintiffs could have done differently was to not travel through Wauwatosa, which is certainly not conduct that contributed to their injuries.

## CONCLUSION

For the foregoing reasons, the Plaintiff asks this Court to grant partial summary judgment against the Defendants, precluding them from further pursuing the affirmative defenses of contributory fault and failure to mitigate damages.

Respectfully submitted this 31st day of March, 2021.

s/Joy Bertrand
Attorney for the Plaintiff

Wisconsin Bar # 1029483
Joy Bertrand, Esq., LLC
PO Box 2734
Scottsdale, AZ 85252-2734
Office – 602-374-5321
Fax – 480-361-4694
Email – joyous@mailbag.com
www.joybertrandlaw.com