# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AKIL K. CARTER, PAULETTE H. BARR, and SANDRA K. ADAMS, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF WAUWATOSA, BARRY WEBER, PATRICK KAINE, LUKE VETTER, NICOLE GABRIEL, DEREK DIENHART, JOHN DOES 1–3, and JANE DOES 1–3, <br><br> Defendants. | Case No. 19-CV-1422-JPS <br><br><br> **ORDER** |

On March 31, 2021, Plaintiffs and Defendants filed competing motions for summary judgment. (Docket #28, #37). On August 27, Defendants filed a belated response to Plaintiffs' motion partial summary judgment. (Docket #55). On September 19, 2021, Plaintiffs filed their long-awaited response to Defendants' motion for summary judgment. (Docket #60). These motions, which ought to have been fully briefed in May, each still require a reply. Indeed, throughout the case, the Court has been extremely accommodating with granting extensions. *See* (Docket #17, #20, #22, #40, #47, #48, #49, #54, #57). Having now received the parties' initial submissions on summary judgment, the Court finds it necessary to suspend this protracted and resource-draining approach to resolving litigation.

Pursuant to Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that *there is no genuine dispute as to any material fact* and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a) (emphasis added). Accordingly, this Court will consider motions for summary judgment with disputed material facts to be a non-starter. The present motions before the Court were each accompanied with sets of disputed or competing facts. (Docket #44, #58). Therefore, the Court will deny the motions for summary judgment without prejudice. The Court has adopted a new protocol, which will be explained below. If either party elects to file dispositive motions, they must fully comply with each of the following requirements:

> If dispositive motions are contemplated, the parties are directed to meet and confer prior to filing such a motion in order to prepare but a single, agreed-upon narrative of material facts for submission to the Court. For summary judgment motions, the parties must meet and confer at least 30 days prior to filing the motion. The agreed-upon statement of facts must contain pinpoint citations to the record. Any disputed facts must be itemized and supported by each party's separate pinpoint citation to the record. Itemized disputed facts may not exceed one (1) page. In order to determine which facts are material for a given case, counsel must draw upon relevant case authority including appropriate jury instructions. If the parties cannot agree upon a set of facts, or if any of the disputed facts are material, then summary judgment is not appropriate. Fed. R. Civ. P. 56(a). In short, simply because an attorney can submit a motion for summary judgment does not mean that they are obliged to do so.

> If the parties do submit motions for summary judgment, they must be mindful of each of the following constraints. Parties may cite no more than ten (10) cases per claim on which the party moves for summary judgment; responses are also limited to ten (10) cases per claim. Reply briefs must conform with Civil Local Rule 56(b)(3) and may not address issues beyond the scope of the opposition brief. Additionally, though it should go without saying, the parties must have

> actually read the cases to which they cite. No string citations will be accepted.
>
> Similarly, if defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. The defendant[s] should take care to explain the reasons why they intend to move to dismiss the complaint, and the plaintiffs should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it also grants leave to amend; therefore, it is in the interest of all parties to discuss the matter prior to filing such motions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted.

In other words, if the parties are unable to agree on a set of material facts, then they should not waste their clients' resources and the Court's time.

The parties also filed several motions to restrict or seal documents. Specifically, three motions seek to seal a deposition transcript, as well as "all pleadings and exhibits relating to the parties' dispositive motions." (Docket #41, #42, #61). The declaration in question "relates to police interaction with African Americans in the City of Wauwatosa" and, in light of the then-imminent verdict of Derek Chauvin, Defendants believed the submissions should be sealed "in the best interest of the safety of the Declarant." (Docket #41 at 1–2). Additionally, Defendants contend that the pleadings and exhibits related to the parties' dispositive motion threaten to reveal the identity and circumstances of the person who was involved in calling the police in this case.

"Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re*

Page 3 of 5
Case 2:19-cv-01422-JPS    Filed 09/28/21    Page 3 of 5    Document 65

*Specht*, 622 F.3d 697, 701 (7th Cir. 2010). In this case, the documents in question were filed because the parties believed they were necessary to the disposition of the litigation; Defendants have not pointed to any statute, rule, or privilege that justifies confidentiality. Indeed, the public has a strong interest in open litigation, and in understanding police interaction with the African American community—sealing the records, including all pleadings and exhibits related to the parties' motions, would do nothing to promote Americans' confidence in their governing institutions. These motions will be denied. If the parties so choose, they may retract their filings given that the Court has denied the summary judgment motions as moot. If the parties so choose, they must file a letter on the docket no later than **Tuesday, October 12, 2021** indicating which documents should be retracted. In the future, should the parties choose to include documents with sensitive information, they must follow Civil Local Rule 79 and heed the committee comment to that rule. Any motion to seal should be "limited to that portion of the material necessary to protect the movant from the harm that may result from disclosure." Civ. L.R. 79 cmt.

On the other hand, Plaintiffs' counsel's motion to seal the motion to extend time (Docket #63) will be granted because it addresses counsel's personal medical information and is entirely unrelated to the litigation. Relatedly, Plaintiffs' motion to extend time (Docket #64) will be denied as moot.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (Docket #28) be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiffs' partial motion for summary judgment (Docket #37) be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that the motions to seal or restrict documents related to the litigation (Docket #41, #42, #61) be and the same are hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that the parties may file a letter indicating which documents they wish to retract no later than **Tuesday, October 12, 2021**;

**IT IS FURTHER ORDERED** that if no letter is filed by **Tuesday, October 12, 2021**, the Clerk of Court is ordered to **UNSEAL** all documents contemplated in (Docket #41, #42, #61).

**IT IS FURTHER ORDERED** that Plaintiffs' counsel's motion to restrict (Docket #63) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiffs' counsel's motion for another extension of time (Docket #64) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 28th day of September, 2021.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge