UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AKIL K. CARTER, et al.,

                              Plaintiffs,

v.                                                                       Case No. 19-CV-1422

CITY OF WAUWATOSA, et al.,

                              Defendants.

**PROPOSED VERDICT FORM OF DEFENDANTS AND BRIEFING IN SUPPORT**

      Pursuant to the Court's Preliminary Pretrial Conference Order (ECF. No. 84), Defendants, submit this response to the proposed special verdict form filed by Plaintiffs with their separate proposed special verdict form.

### PLAINTIFFS' PROPOSED VERDICT QUESTION #3.

      Plaintiffs' verdict form (Question #3) asks the jury "Was a custom, policy, or practice of the City of Wauwatosa **a cause** of Plaintiff's unreasonable seizure"?

      *First*, Plaintiffs have failed to state what means of establishing municipal liability under *Monell* they are pursuing at trial (*i.e.,* express policy, widespread practice, or policymaker). Instead, Plaintiffs seek to offer all the options to the jury, despite being unable to articulate to defense what theory they have evidence to support. Plaintiffs offer no express policy or policymaker decision in connection with this claim, and discovery has revealed no support for these theories. As such, Plaintiffs should not be permitted to "throw spaghetti at the wall and see what sticks" in the verdict form.

      *Second*, for *Monell* liability, the jury is not being asked to determine if a City policy proximately caused the injury as articulated by Plaintiffs proposed verdict. Rather, Plaintiffs

1

must establish they suffered a constitutional injury **caused** by an official municipal policy or custom. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 694, (1978). *See also* Seventh Circuit Pattern Civil Jury Instruction 7.24 ("The policy as described in paragraph 2 caused [described constitutional violation, e.g., Plaintiff's unreasonable detention.])

As such, Defendants' proposed special verdict form below should be used.

**PLAINTIFFS' PROPOSED VERDICT QUESTIONS REGARDING NEGLIGENCE**

Plaintiffs include Patrick Kane, Luke Vetter, Derek Dienhart, and Nicole Gabriel as possible sources for a finding of negligence by the jury. Plaintiffs seek to offer all those Defendants to the jury, despite being unable to articulate to defense during the meet and confer process what specific conduct is alleged to have been negligent regarding Luke Vetter, Derek Dienhart, and Nicole Gabriel. As such, Defendants' proposed special verdict form below should be used.

**PLAINTIFFS' PROPOSED VERDICT QUESTIONS REGARDING DAMAGES.**

Plaintiffs' first question under damages asks the jury, "did the conduct of the Defendants cause the Plaintiffs injury?" But the jury has already been asked if the conduct for each theory of liability was "a cause of injury" to Plaintiffs. Plaintiffs' form duplicates the question--on an already lengthy verdict form—and is likely to confuse the jury. Moreover, it blends a liability determination into the damage determination. *See Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 312–13 (7th Cir. 2010 ("if at least one defendant is found liable, the form should instruct the jury to determine the total amount of damages for the plaintiff's injury, an inquiry that is wholly separate from the liability decisions made in the first step.")

Regarding nominal damages, Plaintiffs verdict form advises the jury that if they find that the conduct of the Defendants did not cause the Plaintiffs' injury—they should award nominal

2

damages. This misstates the law on when nominal damages are awarded. Compensatory damages may be recovered in § 1983 actions for proven violations of a constitutional right, but only for any actual harms caused by the violation and not for the violation standing alone. *Carey v. Piphus*, 435 U.S. 247 (1978). Nominal damages, "of which [one dollar] is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury." *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir.1999). Consequently, a nominal damages instruction is appropriate if the evidence establishes that Plaintiff did not suffer a provable injury. *See id.*

One of the Defendants' main arguments at trial will be that Plaintiffs suffered no provable injury. There is no evidence of any loss of or damage to property nor of any physical injury. There will be no evidence of compensatory damages for medical treatment or loss of income. Simply stated, where the issue of damages depends upon the credibility of the Plaintiffs, and there is evidence in the record from which the jury could disbelieve the extent of their emotional injuries, a nominal damage instruction is proper. *See Briggs v. Marshall, 93 F.3d 355, 360 (7th Cir.1996)* Under the circumstances, it is very likely Plaintiffs will fail to prove emotional distress other than what may have been experienced as a sense of indignity from the very violation of the constitutional right. And that, as indicated, is not a compensable harm in § 1983 litigation. As such, the issue of nominal damages should be presented to the jury, and Defendants' proposed special verdict form below should be used.

Punitive damages should only be presented to the jury if the plaintiff is able to present evidence sufficient to support such an award. The standard for punitive damages is a high one: "Punitive damages are appropriate when the defendant acted wantonly and willfully or was motivated in his actions by ill will or a desire to injure." *Hendrickson v. Cooper*, 589 F.3d 887,

3

894 (7th Cir.2009) (*quoting Hagge v. Bauer*, 827 F.2d, 101, 110 (7th Cir.1987)). Punitive damages must only be awarded if the defendant's wrongdoing is so reprehensible to warrant the imposition of further sanctions to achieve punishment or deterrence. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003)

In the context of a § 1983 case, a plaintiff must prove that the defendant was "motivated by evil motive or intent or [showed] reckless or callous indifference to the federally protected rights of others." *State Farm* at 409. Plaintiffs have yet to provide sufficient evidence to support a claim for punitive damages. If the issue of punitive damages against individual defendants should be presented to the jury at all, it should be in two separate questions. According to the Seventh Circuit Pattern Jury Instructions, the jury "may assess punitive damages only if [it] find[s] that [the defendant's] conduct was malicious or in reckless disregard of Plaintiff's rights." Seventh Circuit Pattern Civil Jury Instruction 7.28.

First, the jury should be asked whether it intends to award any punitive damages to plaintiff. Second, if the jury's answer to the first question is "yes," the jury should be asked what amount of punitive damages, if any, plaintiff is entitled to receive. Plaintiff's proposed special verdict on punitive damages improperly collapses these two separate inquiries into one. This form of question has the potential to confuse the jury and cause the jury to overlook the fact that it is within its discretion whether or not to award punitive damages. If the issue of punitive damages is presented to the jury Defendants' proposed special verdict form below should be used to avoid any such confusion.

4

# DEFENDANTS PROPOSED VERDICT FORM

## LIABILITY

**Federal Claims**

Question #1: Was defendants Patrick Kane, Luke Vetter, Derek Dienhart, and Nicole Gabriel's seizure of Plaintiffs on September 2, 2018, unreasonable?

ANSWER: Yes   No

Question #2: If you have answered question 1 "yes," then answer this question. Otherwise, do not answer it. Was the seizure by defendants Patrick Kane, Luke Vetter, Derek Dienhart, and Nicole Gabriel a cause of injury to Plaintiffs?

ANSWER: Yes   No

Question #3: If you have answered question 2 "yes," then answer this question. Otherwise, do not answer it. Was a custom of the City of Wauwatosa the cause of Plaintiffs unreasonable seizure?

ANSWER: Yes   No

**State Claims**

NEGLIGENCE

Question #4: Was the City of Wauwatosa's employee Patrick Kane negligent in stopping Plaintiffs' vehicle on September 2, 2018?

ANSWER: Yes   No

Question #5: If you have answered question 4 "yes," then answer this question. Otherwise, do not answer it. Was such negligence a cause of injury to Plaintiffs?

ANSWER: Yes   No

FALSE IMPRISONMENT

5

Question #6: Did defendants Patrick Kane, Luke Vetter, Derek Dienhart, and Nicole Gabriel falsely imprison Plaintiffs?

ANSWER: Yes   No

Question #7: If you have answered question 6 "yes," then answer this question. Otherwise, do not answer it. Was such imprisonment a cause of injury to Plaintiffs?

ANSWER: Yes   No

INFLICTION OF EMOTIONAL DISTRESS

Question #8: Did defendants Patrick Kane, Luke Vetter, Derek Dienhart, and Nicole Gabriel intentionally inflict emotional distress on Plaintiffs?

ANSWER: Yes   No

Question #9: Did defendants Patrick Kane, Luke Vetter, Derek Dienhart, and Nicole Gabriel negligently inflict emotional distress on Plaintiffs?

ANSWER: Yes   No

EMPLOYER NEGLIGENCE

Question #10: Was the City of Wauwatosa's employee Patrick Kane negligent on September 2, 2018?

ANSWER: Yes   No

Question #11: If you have answered question 10 "yes," then answer this question. Otherwise, do not answer it. Was the negligence of the City of Wauwatosa a cause of injury to Plaintiffs?

ANSWER: Yes   No

Question #12: If you have answered question 11 "yes," then answer this question. Otherwise, do not answer it. Was the City of Wauwatosa negligent in the (hiring) (training) (supervision) of Patrick Kaine?

ANSWER: Yes   No

Question #13: If you have answered question 12 "yes," then answer this question. Otherwise, do not answer it. Was such negligence of the City of Wauwatosa a cause of the negligence of Patrick Kaine on September 2, 2018?

ANSWER: Yes   No

## DAMAGES FOR INDIVIDUAL PLAINTIFFS

Question #14: If you answered "Yes" to Question #2, Question #3, Question #5, Question #7, Question #8, Question #9, Question #11 or Question #13 above, what sum of money, if any, will fairly and reasonably compensate each Plaintiff for any injury they actually sustained as a result of Defendants' conduct? In the space provided below, write the amount of damages, if any to be awarded each Plaintiff.

Akil Carter
Answer: $_____ **or** Akil Carter failed to prove compensatory damages ____.

Sandra Adams
Answer: $_____ **or** Sandra Adams failed to prove compensatory damages ____.

Paulette Barr
Answer: $_____ **or** Paulette Barr failed to prove compensatory damages ____.

## PUNITIVE DAMAGES (IF ALLOWED BY COURT)

Question No. #15: Did the Plaintiffs prove by a preponderance of the evidence that they are entitled to punitive damages against Patrick Kaine?

ANSWER: Yes   No

Question #16: If you have answered question 15 "yes," then answer this question. Otherwise, do not answer it. What amount of punitive damages, if any, do you award Plaintiffs against Patrick Kaine?

7

ANSWER:   Akil Carter: $_____

Sandra Adams: $_____

Paulette Barr: $_____

Question No. #17: Did the Plaintiffs prove by a preponderance of the evidence that they are entitled to punitive damages against Luke Vetter?

ANSWER: Yes   No

Question #18: If you have answered question 17 "yes," then answer this question. Otherwise, do not answer it. What amount of punitive damages, if any, do you award Plaintiffs against Luke Vetter?

ANSWER:   Akil Carter: $_____

Sandra Adams: $_____

Paulette Barr: $_____

Question No. #19: Did the Plaintiffs prove by a preponderance of the evidence that they are entitled to punitive damages against Derek Deinhart?

ANSWER: Yes   No

Question #20: If you have answered question 19 "yes," then answer this question. Otherwise, do not answer it. What amount of punitive damages, if any, do you award Plaintiffs against Derek Deinhart?

ANSWER:   Akil Carter: $_____

Sandra Adams: $_____

Paulette Barr: $_____

Question No. #21: Did the Plaintiffs prove by a preponderance of the evidence that they are entitled to punitive damages against Nicole Gabriel?

ANSWER: Yes   No

Question #22: If you have answered question 21 "yes," then answer this question. Otherwise, do not answer it. What amount of punitive damages, if any, do you award Plaintiffs against Nicole Gabriel?

ANSWER:   Akil Carter: $_____

Sandra Adams: $_____

Paulette Barr: $_____

_____    _____

Jury Foreperson           Date

9

Case 2:19-cv-01422-JPS   Filed 08/10/22   Page 9 of 9   Document 109-7