UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AKIL K. CARTER, et al.,

                          Plaintiffs,

v.                                                      Case No. 19-CV-1422

CITY OF WAUWATOSA, et al.,

                          Defendants.

---

### CIV. L. R. 7(H) EXPEDITED NON-DISPOSITIVE MOTION TO RECONSIDER FEBRUARY 8, 2023 RULINGS, PURSUANT TO FED. R. CIV. PRO. 54(B)

---

    NOW COME the Plaintiffs, to submit their expedited Motion to Reconsider the Court's February 8, 2023 rulings noted in its February 8, 2023 minute entry (ECF Doc. 132) and February 8, 2023 text-only order (no ECF), pursuant to Fed. R. Civ. Pro. 54(b). The Plaintiffs move this court to reconsider its findings at the February 8, 2023 final pretrial hearing that: 1) the trial in this matter shall only proceed against Defendant Kaine; and 2) it is "not necessary" for the Plaintiffs to call witnesses Barry Weber, Sean Lowe, Brian Landers, or Dwight Johnson. (ECF Doc. 132 at 1; February 8, 2023 text-only order)

    Rule 54(b) allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. "A court has the power to revisit prior decisions of its own ... in ... circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.' " *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988) (quoting *Arizona v. California,* 460 U.S. 605, 618 n. 8 (1983)).

**The Court's Limits on the Defendants and Counts Proceeding to Trial Constitutes a Manifest Injustice.**

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Jarrard v. CDI Telecommunications, Inc.*, 408 F.3d 905, 911-12 (7th Cir. 2005). While a judge may alter previous rulings under certain circumstances, the presumption is that the prior rulings will stand unless the presumption is overcome for compelling reasons such as new controlling law or clear error. *Mendenhall v. Mueller Streamline Co.*, 419 F.3d 686, 691 (7th Cir. 2005.

Here, nothing in the factual record has changed, between the Court's August 10, 2022 Summary Judgment Order (ECF Doc. 108) and today. In that Order, the Court denied the Defendants' motions for summary judgment and allowed all of the Plaintiffs' claims to proceed to trial. (*Id.*) Those claims included the federal and state law counts against Defendants Vetter, Dienhart, and Gabriel (*Id.* at 29-33) and the *Monell* count (*Id.* at 24)and state-law negligent supervision, promotion, and discipline claim against the City of Wauwatosa. (*Id.* at 36)

The Court's February 8, 2023 limits on the counts of the Complaint and defendants against whom the Plaintiffs may proceed has the effect of a summary judgment ruling. A Court's sua sponte summary judgment order requires notice and a reasonable time to respond. Fed. R. Civ. Pro. 56(f). The Seventh Circuit has found a grant of summary judgment without notice to be reversible error. *Horn v. City of Chicago*, 860 F.2d 700, 703 n. 6 (1988). The Court's February 8, 2023 ruling also contradicts the Court's direction in its December 12, 2022 scheduling order that no further dispositive motions would be accepted by from any party. (ECF Doc. 117 at 2 n. 1) Not only did the Plaintiffs have no notice that the Court was considering barring them from proceeding against all Defendants except Defendant Kaine, but the Court's order setting the final pretrial conference and jury trial specifically also said that it would not consider further dispositive motions.

The Court's *sua sponte* decision was given with no notice and opportunity to be heard. The decision also contradicts its prior summary judgment order, despite no change in the factual record. The Court's new, severe limits on the defendants and counts proceeding to trial constitutes clear error and a manifest injustice.

**The Court's Findings that Several of the Plaintiffs' Proffered Witnesses Are Not Necessary Constitutes Clear Error and a Manifest Injustice.**

Dwight Johnson, who is Mr. Carter's mental health provider, is a necessary damages witness for the Plaintiff. The Court has expressed its concerns that, because the length of the detention of the Plaintiffs was fifteen minutes or less, the Plaintiffs likely will not recover more than nominal damages. The Plaintiffs expect Mr. Johnson to testify as to the lasting emotional damage this experience caused Mr. Carter. Mr. Johnson's treatment records for Mr. Carter were properly disclosed to the Defense, through a HIPAA release signed by Mr. Carter and given to the Defense. The Defense then disclosed the records it received to the Plaintiff. With no discovery issue as to these records (Bertrand Declaration at 1) – despite the Defense's claim to the contrary -- precluding this evidence constitutes clear error and a manifest injustice.

Bryan Landers can testify regarding the uniform training that Wisconsin law enforcement officers receive regarding vehicle contacts and constitutional law. This evidence is relevant not only to the reasonableness of the seizure of the Plaintiffs, but also to any defense of qualified immunity that the Defense may bring.

Particularly if the Court allows Plaintiffs to proceed against all defendants on all counts of their Complaint, then the testimony of Barry Weber and Sean Lowe also is relevant. Weber's testimony would be relevant to the Plaintiffs' *Monell* claim, under any one of the three theories of *Monell* liability that the Plaintiffs are pursuing. He will be expected to testify regarding: his former department's policies, for which he was the ultimate decision maker; the training,

supervision, and discipline of his former officers; and his ratification of the officers' conduct in this case. This testimony is directly relevant to the Plaintiffs' *Monell* claim.

Sean Lowe, who was the chair of the Wauwatosa Equity and Inclusion Commission formed after the incident in this case also is expected to testify regarding his commission's findings regarding the need for reforms within in the Wauwatosa Police department. (Bertrand Declaration at 1)

To preclude the testimony of each these witnesses, all of whom are expected to provide relevant evidence, constitutes clear error and a manifest injustice.

For the foregoing reasons, the Plaintiffs ask the Court to reconsider and reverse its February 8, 2023 rulings.

Respectfully submitted this Thirteenth day of February, 2023.

s/Joy Bertrand
Attorney for Plaintiffs

PO Box 2734
Scottsdale, AZ  85252-2734
Office – 602-374-5321
Cell -- 414-687-4932
Fax – 480-361-4694
Wisconsin State Bar Number 1029483
Email – joyous@mailbag.com
www.joybertrandlaw.com