AKIL CARTER, et al.,

        Plaintiffs,

v.                                                     CASE NO. 19CV1422-JPS

CITY OF WAUWATOSA, et al.,

        Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

---

The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. Rule 54(b), however, allows district courts to revisit "any order or other decision ... that adjudicates fewer than all the claims" in an action and to revise it at any point before the entry of judgment. FED. R. CIV. PROC. 54(b). *See also Moses H. Cone Memorial Hosp. v. Mercury Const. Corp*., 460 U.S. 1, 12 (1983)(noting that any "order short of a final decree is subject to reopening at the discretion of the district judge.").

Motions to reconsider interlocutory orders under this rule "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir. 1996)(internal quotations and citations omitted). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000)(internal quotations and citation omitted). Because the standards for reconsideration are exacting, the Seventh Circuit has stressed that appropriate issues for reconsideration "rarely arise." *Bank of Waunakee v. Rochester Cheese Sales,*

*Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)(internal quotations and citation omitted). The basis for the Court's Order was not a manifest error of law or fact. Critically, failure to comply with orders of the court can result in dismissal as a matter of course, *sua sponte*, at the court's discretion.

Moreover, where a party engages in a pattern of dilatory or sanctionable conduct, a judge will issue a warning threatening dismissal as a means of coercing better behavior in the future, but there is no blanket requirement to warn a party before dismissal. *See Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006). Any argument by Plaintiffs that the Court *sua sponte* entered the Order without notice is obviously mistaken.

In January of 2022, Defendants filed a motion seeking dismissal based on Plaintiffs' violation of the Court orders and failures to communicate. (ECF No. 74) Ultimately, the Court denied Defendants' motion but warned:

> Defendants' allegations that Plaintiffs' counsel failed to complete the meet and confer process are troubling, and, if these derelictions continue, sanctions may well be appropriate.

(ECF No. 83, p. 5) On June 8, 2022, Defendants filed a motion to compel Plaintiffs' compliance with the Court's pretrial protocols. In the decision, the Court again warned the parties:

> As this Court has stated on multiple occasions to these parties: "As officers of the court, counsel have an obligation to discuss [pretrial motion practice] directly with opposing counsel, as more often than not such matters are best resolved informally with open communications between counsel without the necessity of court intervention." ECF No. 84 at 5. . . Moving forward, counsel is directed to carefully follow the Court's directives in these prior-referenced orders.

(ECF No. 90, p. 2) Finally, on August 16, 2022, during the parties' final pre-trial conference, the Court stated:

> [U]ltimately the court issued a trial scheduling order back in May of this year that required a particular set of protocols to be followed in order to ensure that the case was both appropriately and adequately prepared for trial.
>
> And unfortunately as has been the custom in this case, either as a result of benign neglect or outright flaunting of the court's directions, counsel chose once again a different path. And as

a consequence of counsel's inability to conform their filings to the requirements of the court's order, this case will not go to trial next week.

Make no mistake, the orders entered in any case in this branch of the court say what they mean and mean what they say. And these orders are the product of more than 35 years of experience as a judge where time and time and time again lawyers engage in professional conduct that is unbecoming to their calling, either through obfuscation of issues and facts or worse yet pleadings that are submitted in the form of what can be charitably described as little more than a stream of consciousness, and as a consequence of counsel's inability to follow the directives of the court, the court insofar as the filings in this case reject both the motions in limine that are contested, the jury instructions, and the verdict form as failing to conform to the requirements of the court's trial scheduling order, in particular pages three through 10 and specifically the requirements of the memorandum of law in support of the instructions and verdict form and as appropriate a -- an offer of proof. . . .

And either the parties are going to come to an agreement on both the jury instructions and the witnesses at this juncture from the core facts of the case, it appears, and although I'm not this morning making a definitive ruling, but it is highly, highly unlikely that this case will require any expert testimony on the matter of the police training, police protocols because unlike the suggestion in the plaintiffs' original complaint, this *Terry* stop was not the product of racial profiling. That has nothing to do with the facts in this case.

And Mr. Landers (phonetic), with all due respect to his calling, is not going to be allowed to testify and invade the province of the jury to determine the facts as against what actually occurred here…

So where we are left this morning is if the parties wish to have this court try this case, you're going to be left to confer as soon as practicable to address the shortcomings in your motions in limine and the shortcomings in jury instructions and verdict form and file a motion with the court seeking leave to file an amended final pre-trial report…

And these protocols are in place for good reason, and that is the court, like good lawyers, has limited resources and we're spending far too much of our time and the taxpayers' dollars venturing into matters that were not adequately addressed in counsels' filings, and there are consequences, and this is one of those consequences.

And the lawyers in this case should have been well aware of where they were headed after all of the problems, whether it's motions for sanctions, motions for partial summary judgment, that again did not conform to the court's protocols.

(ECF No. at 2-5)

Despite clear guidance from the Court and direct warnings that failure to address the deficiencies could result in dismissal, on February 1, 2022, Plaintiffs filed pretrial submissions

that they failed to disclose to Defendants (*See* ECF No. 127) and which failed to address the deficiencies—continuing to violate this Court's protocols. As a result, the Court *again* made itself abundantly clear during the February 8, 2023 final pretrial conference that the only appropriate claim to proceed to trial is one against Officer Kaine and correctly limited the witness testimony. This was not in error and Plaintiff did not raise such an issue during the hearing. (*See* ECF No. 132 at 2)

For all these reasons, Plaintiffs' motion for reconsideration should be denied.

Dated this 24th day of February 2023.

**WIRTH + BAYNARD**
Attorneys for Defendant

*/s/ Jasmyne M. Baynard*
Jasmyne M. Baynard, WI Bar No. 1099898
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: (414) 291-7979 / F: (414) 291-7960
Email: jmb@wbattys.com