# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AKIL K. CARTER, PAULETTE H. BARR, and SANDRA K. ADAMS,

        Plaintiffs,

v.

CITY OF WAUWATOSA, JAMES MACGILLIS, PATRICK KAINE, LUKE VETTER, NICOLE GABRIEL, and DEREK DIENHART,

        Defendants.

Case No. 19-CV-1422-JPS

**ORDER**

After a history of what the Court has previously described as "clumsy motion practice," ECF No. 83 at 3, together with trial delays stemming from inadequate preparation, *see* ECF No. 113, the above-captioned case was reset for trial beginning on March 13, 2023. In preparation for the rescheduled trial, the Court held a final pretrial conference on February 8, 2023, at which time the Court distributed to counsel "its draft of what it sees as an appropriate set of jury instructions and [a] verdict form, reflecting that [the] case should only proceed to trial as to Defendant Kaine, with Kaine and Carl Anderson as [the] primary witnesses." ECF No. 132 at 1; *see also* ECF No. 133 at 2, 4 (hearing transcript). The Court also stated:

> I don't find, at least on the state of what the Court has been able to glean from the Final Pretrial Report and the Court's earlier decision on summary judgment, that there's any need for expert testimony in the case, whether from Mr. Landers or the Wauwatosa Equity Inclusion Commission or the Chief of Police, whether Mr. Weber or his successor. If the Court be in

> error on any of these preliminary thoughts, we'll address them during the trial. . . .
>
> [W]hen it comes to your witnesses, based on the Court's preliminary review, there will be no need for the custodian of records at the University of Wisconsin, Milwaukee. The expert witness Mr. Sean Lowe, Mr. Dwight Johnson. . . .
>
> But as you will see in the jury instructions, there is[. . .][,] at least at the moment[,] no Monell claim, no training claim keeping in mind that what occurred with respect to Officer Kaine's interactions with the three plaintiffs occurred in a period of probably 11 to 15 minutes, and it was based upon an articulated tip from Mr. Anderson. There was, in the Court's view, no racial profiling associated with what occurred here, and so that is a rabbit hole that need not be visited because it has no application to the core facts of the case. . . .
>
> I'll strongly commend that you meet and confer and review what the Court has put together for jury instructions and a verdict form. And if the Court is missing something, we'll be happy to entertain your further request.

ECF No. 133, 6–7. At that hearing, Plaintiffs' counsel posed no questions about the Court's approach nor took any exception to the Court's comments. *See generally id.*

Presently before the Court is Plaintiffs' expedited "motion to reconsider the Court's February 8, 2023 rulings," ECF No. 134. Plaintiffs bring their motion pursuant to Federal Rule of Civil Procedure 54(b), which allows the Court to "revise[] at any time before the entry of judgment" "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Fed. R. Civ. P. 54(b). Plaintiffs argue that the Court, at the February 8 hearing, limited the number of defendants and claims that may proceed to trial, effectively issuing a summary judgment ruling without giving the parties notice and an opportunity to respond. ECF No. 134 at 1–3. Plaintiffs also

argue that, since the Court's most recent summary judgment order, ECF No. 108, no change in the factual record has occurred that might justify this change in the Court's position. *Id.* Finally, Plaintiffs argue that the Court was clearly in error and committed manifest injustice when it stated that the testimony of certain of Plaintiffs' witnesses would not be necessary at trial. *Id.* at 3–4. All this, Plaintiffs argue, amounts to error that may be corrected upon a Rule 54(b) motion.

Defendants oppose the motion. ECF No. 136. Defendants have not quite responded in substance to Plaintiffs' arguments; rather, their opposition rests on the argument that the Court's statements at the February 8 hearing were not error and, rather, reflected a reasonable response to Plaintiffs' record of "failure to comply with the orders of the court" and "pattern of dilatory or sanctionable conduct" in this case, including Plaintiffs' failure to disclose certain pretrial submissions to Defendants. ECF No. 136 at 2, 3–4.

Motions for reconsideration under Rule 54(b) of orders and decisions that adjudicate fewer than all the claims or the rights and liabilities of all parties are appropriate in very few contexts. The motions may be brought where the Court has "patently misunderstood a party," "has made an error not of reasoning but of apprehension," or where there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Reconsideration is "not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

The Court will deny Plaintiffs' motion. To begin, it is not clear what order or decision there is to reconsider. During the February 8 conference,

the Court, to be sure, expressed an opinion as to the merits of certain claims in this case—but nonetheless made clear that the jury instructions it distributed then were in draft form, and characterized its statements on the necessity of certain witnesses at trial as "preliminary" findings. ECF No. 133, 2, 4, 6–7. Plaintiffs' argument that the Court effectively granted summary judgment on some of their claims overreaches; if the Court intended to vacate its prior order on summary judgment, it would have said so explicitly.

To the extent these statements during the hearing constitute a definitive ruling, as to the claims and defendants in this case, that can be revisited on a Rule 54(b) motion, they are consistent with the Court's findings in its Order on summary judgment that the core issue in this case, indeed the issue on which all the other claims turn, is whether Officer Kaine had reasonable suspicion to initiate the vehicle stop of Plaintiffs. *See* ECF No. 108 at 29–32; *see also id.* at 34 ("Without a determination of whether any underlying constitutional violation occurred, the Court cannot say one way or another whether the City of Wauwatosa can be liable for it."). All the other federal claims in this case rise and fall on the jury's determination of that question. As to Plaintiffs' state law claims, the Court expressly reserved ruling on those matters until the federal claims were resolved. *See id.* at 36.

The Court's statements during the February 8 hearing reflects its reasoned judgment—upon review of the record in this case—that the jury members' and the Court's time will likely be best spent contemplating a smaller number of questions than Plaintiffs might prefer. *See Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) and noting that "[d]istrict courts 'possess certain inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"). Similarly, to the

extent the Court's statements constituted a definitive ruling on any of Defendants' motions *in limine* related to the testimony of certain witnesses, such rulings are committed to the broad discretion of the trial court, *see Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002), and in any event "may be revisited based on the court's exposure to the evidence at trial." *In re Depakote*, 87 F. Supp. 3d 916, 920 (S.D. Ill. 2015) (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

The Court is therefore unable to conclude that any of the bases for granting a motion for reconsideration are present under these circumstances. *See Bank of Waunakee*, 906 F.2d at 1191. To be clear, Plaintiffs remain free to pursue at trial the claims delineated in their complaint, muddled as they may be. *See* ECF No. 108 at 2, n.3 (noting that the Court was forced to "adopt[] Defendants' construction of Plaintiffs' federal constitutional claims"). Plaintiffs also remain free, before or at trial, to submit an offer of proof as to the evidence they would like to present. *See* Fed. R. Evid. 103. Both parties remain free to raise objections and engage in motion practice during trial. The jury instructions and verdict form will be finalized after the close of evidence.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for reconsideration, ECF No. 134, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin this 3rd day of March, 2023.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Page 5 of 5
Case 2:19-cv-01422-JPS   Filed 03/03/23   Page 5 of 5   Document 140