# COURT MINUTES OF JURY TRIAL

AKIL K. CARTER, PAULETTE H. BARR, and
SANDRA K. ADAMS,

     v.                                                     CASE NO. 19-CV-1422-JPS

PATRICK KAINE.

## HON. J. P. STADTMUELLER PRESIDING

DATE: March 13–14, 2023             TIME SCHEDULED: March 13, 8:30 a.m.

COURT DEPUTY/CLERK: Caitlin Willenbrink       TIME CALLED: March 13, 8:30 a.m.

COURT REPORTER: Sue Armbruster           TIME FINISHED: March 14, 5:06 p.m.

PLAINTIFFS BY: Joy Bertrand

DEFENDANTS BY: Jasmyne Baynard, Joseph Wirth

Notes:

**Monday, March 13, 2023**

8:30 a.m.    Case called; Plaintiffs appear in person and through counsel Joy Bertrand; Defendants appear through counsel Jasmyne Baynard and Joe Wirth, and Defendants Kaine, Vetter, and Dienhart appear in person
8:31    Court inquires whether parties have any matters to address before jury panel enters
8:31    Plaintiffs' attorney answers in the negative
8:31    Court speaks to voir dire process and availability of panel; notes that a jury of seven will be selected for trial; notes requests for individual voir dire will be addressed in sidebar
8:33    Court stands in recess pending arrival of the jury panel

\*\*\*

9:08    Jury panel enters and is seated
9:08    Court makes introductory remarks to the jury panel
9:10    Veniremen oath administered
9:11    Court provides background of case to the panel, noting that the traffic stop at issue was a *Terry* investigative stop; describes the voir dire process

| | |
|---|---|
| 9:21 | Voir dire process begins; jury panel member 1 provides responses as to his name; age; address; marital status; children; education; occupation and employer; and spouse's occupation and employer |
| 9:22 | Court asks additional questions of jury panel member 1 |
| 9:22 | Voir dire continues, with jury panel members 2–14 providing responses to the above questions |
| 9:29 | Court asks additional questions of entire panel |
| 9:30 | Court inquires as to whether there is any member of the panel who, due to any disability, will be unable to participate as a member of the jury for the duration of trial; no affirmative responses |
| 9:30 | Court inquires as to whether there is any member of the panel who is taking medications that would interfere with his or her ability to participate as a member of the jury; no affirmative responses |
| 9:31 | Court explains general trial schedule and inquires as to whether there is any member of the panel who, due to his or her personal schedule, would be unavailable for the duration of trial; Juror No. 14 answers in the affirmative and responds to further questions from the Court; no further affirmative responses |
| 9:33 | Court inquires as to whether there is any member of the panel who, due to pressing business or personal matters, would be unable to give this case his or her undivided attention; no affirmative responses |
| 9:33 | Court requests that Plaintiffs stand and introduce themselves; Plaintiffs do so; Court inquires as to whether any member of the panel has had any contact with these individual Plaintiffs; no affirmative responses |
| 9:34 | Court requests that Plaintiff's attorney Bertrand stand; Ms. Bertrand does so; Court inquires as to whether any member of the panel has had any contact with Ms. Bertrand; no affirmative responses |
| 9:35 | Court requests that Defendants Kaine, Vetter, and Dienhart, police officers for the City of Wauwatosa, stand and introduce themselves; they do so; Court notes Ms. Gabriel is not present and explains parties are not required to be present; Court inquires as to whether any member of the panel knows or has had any personal or professional contact with these Defendants; no affirmative responses |
| 9:37 | Court requests that Defendants' attorneys Baynard and Wirth stand; Ms. Baynard and Mr. Wirth do so; Court inquires as to whether any member of the panel has had any contact with Ms. Baynard or Mr. Wirth or their law firm; no affirmative responses |
| 9:37 | Court requests that counsel for the parties indicate their potential witnesses |
| 9:40 | Plaintiffs' attorney does so; Court inquires as to whether any member of the panel believes he or she may know any of the identified individuals or have had any contact with them socially or professionally; no affirmative responses |
| 9:40 | Defendants' attorney Baynard states the Defendants do not plan to call any witnesses beyond those that Plaintiff's attorney identified |
| 9:41 | Court inquires as to whether any member of the panel has previously served on a jury, either criminal or civil, in federal or state court or military tribunal, with "served" meaning selected to hear evidence, deliberated, and reached a verdict; Jurors No. 7, 15, and 18 respond in the affirmative and provide further information and respond to Court's further questions; Court |

| | |
|---|---|
| | inquires whether these three members of the panel have any concern about whether this prior jury experience impacts his or her ability to serve as a fair or impartial juror in this case; no affirmative responses from these three members of the panel |
| 9:47 | Court inquires as to whether any member of the panel has participated as a party (plaintiff or defendant) to a lawsuit other than an adoption or divorce; Juror No. 5 asks a clarifying question and provides further information responsive to the Court's question; Court inquires of this member of the panel as to whether he believes his prior lawsuit experience would impact his ability to serve as a fair and impartial juror in this case; this member of the panel responds in the negative |
| 9:48 | Court inquires as to whether any member of the panel has been called upon to give testimony under oath in a court proceeding, deposition, or legislative or administrative hearing; Jurors No. 7, 9, 12, and 17 answer in the affirmative and provide further information and respond to Court's further questioning; no further affirmative responses from the panel; Court inquires whether these four members of the panel have any concern about whether this testimonial experience impacts his or her ability to serve as a fair or impartial juror in this case; no affirmative responses from these four members of the panel |
| 9:52 | Court explains that the current case is a civil case and that the criminal "proof beyond a reasonable doubt" standard does not apply, and explains the "proof by a preponderance of the evidence" standard applicable in this civil case and that any member of the panel exposed to the criminal standard should put it out of his or her mind |
| 9:53 | Court inquires as to whether any member of the panel has studied law or related subjects in preparation for being a lawyer, paralegal, or law enforcement officer; no affirmative responses |
| 9:54 | Court inquires as to whether any member of the panel has a spouse or close personal friend employed in law enforcement and with whom the member of the panel has regular contact and, in that context, regularly discusses working in law enforcement; Juror No. 8 responds in the affirmative; Court asks whether Juror No. 8 would find it difficult to set aside that relationship and those discussions to decide the instant case solely on the presented evidence; Juror No. 8 responds in the affirmative; Court inquires of Juror No. 8 whether, if she were a party to this lawsuit and knew this panel member's relationship and mindset, she would want her to serve as a juror; Juror No. 8 states she would not; Jurors No. 13, 25, and 22 also respond to Court's original inquiry in the affirmative; Court inquires as to whether this causes them any concern as to their ability to serve as a fair and impartial juror in this case; Jurors No. 13, 15, and 22 respond in the negative; no further affirmative responses to Court's original inquiry |
| 9:59 | Court inquires as to whether any member of the panel has been the victim of criminal conduct, and would as a result be unable to be fair and impartial to all parties; Juror No. 1 responds in the affirmative and provides further information; Court inquires as to whether that experience gives him cause for concern about being able to serve as a fair and impartial juror in this case; Juror No. 1 responds that it would; Juror No. 15 also responds in the affirmative but states that the experience does not give him cause for concern about being able to serve as a fair and impartial juror in this case |
| 10:02 | Court inquires as to whether any member of the panel believes that, simply because a witness is employed in law enforcement, that witness's testimony is entitled to greater weight or credibility than the testimony of an ordinary citizen; no affirmative responses |

| Time | Event |
|---|---|
| 10:03 | Court inquires as to whether any member of the panel believes he or she would be unable to render a verdict in accordance with the Court's instructions on the law; no affirmative responses |
| 10:04 | Court inquires as to whether any member of the panel believes he or she would be unable to follow the Court's instructions on the law, whether he or she agrees or not; no affirmative responses |
| 10:04 | Court inquires as to whether any member of the panel has any reason not disclosed in the Court's previous questioning why he or she could not serve as a fair and impartial juror in this case and decide the case from the facts presented in the evidence and in accordance with the Court's instructions on the law; no affirmative responses |
| 10:05 | Court holds sidebar with counsel |
| 10:05 | Court excuses Jurors No. 1, 8, 14 for cause |
| 10:08 | Court requests Jurors No. 15, 16 be seated in the jury box; they do so and provides responses as to name; age; address; marital status; children; education; occupation and employer; and spouse's occupation and employer |
| 10:10 | Court inquires as to whether counsel for the parties have additional questions for the panel; counsel answers in the affirmative; Court holds sidebar with counsel |
| 10:11 | Court states parties have requested an additional question of whether any member of the panel has had the experience of being stopped by a law enforcement officer for any reason including a traffic stop or being stopped in connection with an ongoing investigation; Jurors No. 16, 3, 5, 7, 9, 10, 11, 12, 13, 15, and 2 respond in the affirmative and provide further information; Court comments further, inquires whether any member of the panel who responded in the affirmative believes this experience will impact his or her ability to serve as a fair and impartial juror in this case; no affirmative responses |
| 10:15 | Court explains how parties may exercise peremptory strikes |
| 10:17 | Juror list is passed to the parties for exercise of peremptory strikes |
| 10:22 | Plaintiffs object to one of Defendants' strikes |
| 10:23 | Court holds sidebar with counsel |
| 10:27 | Clerk publishes the names of the selected jurors: Jurors No. 3, 4, 7, 9, 12, 13, 16 |
| 10:27 | Court asks panel members who were not selected to move to gallery; they do so; Court asks selected jurors to move to first row of jury box; they do so |
| 10:29 | Court asks selected jurors to restate their names and juror numbers; they do so |
| 10:30 | Court administers oath to selected jurors |
| 10:30 | Court thanks panel members who were not selected and discharges them |
| 10:32 | Court provides preliminary instructions to the empaneled jurors |
| 11:02 | Court breaks for morning recess |

\*\*\*

| Time | Event |
|---|---|
| 11:20 | Court back in session |
| 11:21 | Plaintiffs' attorney states that, based on Court's comments this morning, Plaintiffs object to dismissal of Defendants except Defendant Kaine and restate objections as stated in Plaintiffs' motion for reconsideration; requests that, if other Defendants are indeed dismissed, that they |

| Time | Event |
|---|---|
| | be sequestered |
| 11:22 | Defendants' attorney Wirth moves, pursuant to Rule 54(b), both to dismiss all Defendants except Kaine and to dismiss Plaintiffs' *Monell* claim, and request release of subpoenas as to Johnson, Weber, and Landers on the basis that these witnesses are unnecessary |
| 11:23 | Plaintiffs' attorney responds |
| 11:25 | Court comments on absence of Gabriel, noting she is a party and therefore is not required to appear on that basis, and that, if she is to testify as a fact witness, it is not clear that she was effectively served at all |
| 11:26 | Plaintiffs' attorney responds and comments on service |
| 11:26 | Court states there has been no effective service on Gabriel |
| 11:26 | Plaintiffs' attorney states Weber was personally served |
| 11:27 | Court states Weber may appear but Plaintiffs must still demonstrate he is a relevant witness; comments further |
| 11:29 | Plaintiffs' attorney states Dwight Johnson plans to attend as a witness on the issue of damages |
| 11:29 | Court states Johnson will not be precluded from testifying; comments further |
| 11:29 | Plaintiffs' attorney asks Court to clarify whether trial is being bifurcated |
| 11:29 | Court clarifies it is not bifurcating issues; comments further |
| 11:31 | Defendant's attorney Wirth states that, if Court has granted Defendants' 54(b) motion, it has no opposition to sequestration of officers besides Kaine |
| 11:31 | Court instructs that these officers be seated in the corridor |
| 11:32 | Defendants' attorney Baynard states Weber was served approximately 36 hours ago, so may face some delay in showing up for testimony if required |
| 11:32 | Plaintiff's attorney comments Weber was served after a week of efforts to locate him and properly serve him, states Plaintiffs' belief is that Weber has been making it difficult to serve him |
| 11:33 | Court responds |
| 11:34 | Plaintiff's attorney states that, when MacGillis was substituted for Weber, Defendants agreed at that time that they would still make Weber available for trial, but later changed position and did not accept service on Weber's behalf |
| 11:35 | Court responds; comments on Plaintiffs' recent filings of additional proposed jury instructions without meeting and conferring with opposing counsel; comments on merits of case |
| 11:40 | Plaintiff's attorney responds; requests for the Court to recuse itself |
| 11:41 | Court denies request; notes that its comments were not made in front of the jury |
| 11:41 | Defendants' attorneys have nothing further |
| 11:43 | Jury reenters |
| 11:43 | Court addresses jury |
| 11:43 | Plaintiff's attorney delivers opening statement |
| 12:02 p.m. | Defendant's attorney Wirth delivers opening statement, including showing video from Kaine's squad car |
| 12:31 | Court inquires as to whether Plaintiff will begin offering testimony |
| 12:32 | Plaintiff's attorney states it is best to release the jurors for lunch at this time |
| 12:32 | Court reiterates its prior comments to jurors to maintain confidentiality and refrain from discussing the case among themselves or with others; comments further |

| | |
|---|---|
| 12:32 | Court stands in recess |

* * *

| | |
|---|---|
| 1:17 | Court back in session |
| 1:18 | Plaintiff's attorney notes parties' stipulation as to admission of certain exhibits |
| 1:18 | Court instructs attorneys to so state when jury reenters |
| 1:18 | Jury reenters |
| 1:18 | Plaintiffs' attorney moves, pursuant to parties' stipulation, to admit Exhibits 15, 16, 17 |
| 1:18 | Exhibits 15, 16, 17 are admitted and received into evidence |
| 1:19 | Plaintiffs call witness Sandra Adams; Adams sworn |
| 1:20 | Court instructs Plaintiff's attorney where to conduct witness examination |
| 1:21 | Plaintiffs' attorney begins examination of witness Adams |
| 1:32 | Defendants objects to witness testimony |
| 1:32 | Plaintiffs' attorney rephrases question; Adams responds; Plaintiff's attorney continues questioning |
| 1:33 | Defendants object to question related to whether Adams saw an AR-15 on the basis that it seeks hearsay and is leading |
| 1:34 | Court asks Adams whether she observed a weapon |
| 1:34 | Adams says no |
| 1:34 | Court asks what kind of gun |
| 1:34 | Adams responds |
| 1:35 | Court overrules Defendants' objection and allows Adams's answer to stand |
| 1:36 | Defendants' object to question about what damages are; basis of objection is that it calls for a legal conclusion |
| 1:36 | Court comments |
| 1:36 | Plaintiffs' attorney rephrases the question; Adams responds; Plaintiffs' attorney continues questioning |
| 1:38 | Plaintiffs' attorney concludes direct examination of Adams |
| 1:38 | Defendants' attorney Wirth begins cross examination of Adams |
| 1:41 | Defendants' attorney Wirth concludes cross examination of Adams |
| 1:42 | Plaintiffs' attorney begins redirect examination of Adams |
| 1:42 | Plaintiffs' attorney concludes redirect examination of Adams |
| 1:42 | Defendants' attorney Wirth states that Defendants have no re-cross questions |
| 1:43 | Witness Sandra Adams is excused |
| 1:43 | Plaintiffs' attorney requests to publish two exhibits to the jury |
| 1:43 | Court inquires whether the exhibits are admitted or subject to parties' stipulation; Court allows publication |
| 1:44 | Plaintiffs' attorney plays Exhibit 15, video |
| 2:03 | Plaintiffs call witness Paulette Barr; Barr sworn |
| 2:04 | Plaintiffs' attorney begins direct examination of Barr |
| 2:18 | Plaintiffs' attorney concludes direct examination of Barr |
| 2:18 | Defendants' attorney Wirth begins cross examination of Barr |

| | |
|---|---|
| 2:19 | Plaintiffs object to question |
| 2:19 | Court overrules objection; Defendants' attorney rephrases question and continues questioning of Barr |
| 2:23 | Defendants' attorney Wirth concludes cross examination of Barr |
| 2:24 | Plaintiffs' attorney begins redirect examination of Barr |
| 2:26 | Plaintiffs' attorney concludes redirect examination of Barr |
| 2:26 | Defendants' attorney Wirth begins re-cross examination |
| 2:27 | Defendants' attorney Wirth concludes re-cross examination |
| 2:27 | Witness Paulette Barr is excused |
| 2:28 | Plaintiffs call witness Derek Dienhart; Dienhart sworn |
| 2:28 | Plaintiffs' attorney begins direct examination of Dienhart |
| 2:29 | Defendants object to question about training and types of stops; basis of objection is that questioning relates to the subject of Defendants' pretrial motions and Rule 54(b) motion |
| 2:30 | Court excuses jury |
| 2:30 | Jury exits |
| 2:31 | Defendants' attorney Wirth further articulates basis of objection |
| 2:32 | Plaintiffs' attorney responds |
| 2:33 | Court responds; inquires whether Dienhart is the best-positioned witness to answer Plaintiffs' questions; states limitations on Dienhart's testimony |
| 2:34 | Plaintiffs' attorney responds |
| 2:34 | Court asks whether Dienhart understands limitations on Plaintiffs' questioning; Dienhart confirms he does |
| 2:37 | Court addresses Plaintiffs' attorney |
| 2:37 | Jury reenters |
| 2:37 | Court states questioning of Dienhart will continue |
| 2:37 | Plaintiffs' attorney continues direct examination of Dienhart |
| 2:43 | Plaintiffs' attorney plays Exhibit 17, video, and continues questioning of Dienhart |
| 2:44 | At Plaintiffs' attorneys' request, Dienhart physically demonstrates holding a firearm at the "call ready position"; Plaintiffs' attorney continues questioning of Dienhart |
| 2:48 | Plaintiffs' attorney concludes direct examination of Dienhart |
| 2:48 | Defendants' attorney inquires whether Dienhart may leave after cross examination; Plaintiffs' attorney does not oppose this |
| 2:48 | Defendants' attorney begins cross examination of Dienhart |
| 2:51 | Defendants' attorney concludes cross examination of Dienhart |
| 2:52 | Plaintiffs' attorney notes she has further questions, and begins redirect examination of Dienhart |
| 2:55 | Plaintiffs' attorney concludes redirect examination of Dienhart |
| 2:56 | Witness Derek Dienhart is excused |
| 2:56 | Plaintiffs call witness Dwight Johnson; Plaintiffs' attorney retrieves him from the corridor |
| 2:57 | Johnson sworn |
| 2:58 | Plaintiffs' attorney begins direct examination of Johnson |
| 3:00 | Defendants' attorney Wirth objects to questioning on the basis that question seeks an answer that is subject of an unopposed pretrial motion |

| Time | Event |
|---|---|
| 3:00 | Plaintiffs' attorney states she believes Defendants' attorney is misreading the motion; withdraws question; continues questioning of Johnson |
| 3:12 | Plaintiffs' attorney concludes direct examination of Johnson |
| 3:12 | Defendants' attorney Wirth begins cross examination of Johnson |
| 3:15 | Defendants' attorney Wirth concludes cross examination of Johnson |
| 3:15 | Plaintiffs' attorney begins redirect examination; references Exhibit 41, requests to initially show this exhibit to Johnson before moving for admission or publication to the jury |
| 3:16 | Defendants' attorney Wirth comments on Exhibit |
| 3:16 | Plaintiffs' attorney displays Exhibit 41 to Johnson and questions Johnson about the exhibit |
| 3:17 | Plaintiffs' attorney moves for admission of Exhibit 41 into evidence |
| 3:17 | Defendants' attorney objects to admission of Exhibit 41 |
| 3:17 | Court asks Plaintiffs' attorney whether there are any further questions for Johnson; Plaintiffs' attorney answers in the negative; Court states that the jury will be excused for afternoon recess |
| 3:17 | Witness Dwight Johnson is excused |
| 3:18 | Court stands in recess insofar as the jury is concerned |
| 3:18 | Jury exits |
| 3:19 | Court instructs parties to discuss their positions on admission of Exhibit 41; stands in recess |

* * *

| Time | Event |
|---|---|
| 3:30 | Court back in session |
| 3:31 | Defendants' attorney Wirth indicates Defendants will enter no objection as to authenticity of Exhibit 41, but retain objections as to foundation |
| 3:32 | Court references pretrial motion #23; notes it is constrained to admit portions of Exhibit 41 that do not run contrary to what parties agreed to in this pretrial motion; instructs parties to review Exhibit 41 and, to the extent there are entries therein that do not run contrary to parties' agreement, Exhibit will be admitted in redacted form |
| 3:33 | Parties indicate they are ready for the jury to return |
| 3:34 | Plaintiffs' attorney indicates Plaintiffs intend to call two more witnesses; inquires as to whether Landers will be permitted to testify |
| 3:34 | Court states that its ruling on the admissibility of Landers's testimony will come only after testimony of Officers Kaine and Vetter; states its current position as to the issue of expert testimony; comments further |
| 3:36 | Plaintiffs' attorney clarifies Plaintiffs intend to call three more witnesses, including Mr. Carter, and does not believe Anderson will honor his subpoena |
| 3:37 | Court comments further |
| 3:37 | Defendants' attorney Baynard inquires whether Weber will testify |
| 3:37 | Court states it currently does not see any relevance for Weber's testimony; comments further |
| 3:39 | Jury reenters |
| 3:39 | Court instructs jurors that proceedings will conclude by 5:30 p.m. today and that jurors will be required to attend tomorrow, beginning at 8:30 a.m. |
| 3:40 | Plaintiffs call witness Luke Vetter; Vetter is retrieved from corridor |
| 3:41 | Vetter is sworn |

| Time | Event |
|------|-------|
| 3:41 | Plaintiffs' attorney begins direct examination of Vetter |
| 3:59 | Defendants object to question on basis that it calls for speculation; Plaintiffs' attorney rephrases question and continues questioning of Vetter |
| 4:03 | Defendants object to question on basis that it calls for speculation and has already been answered; Plaintiffs' attorney continues questioning of Vetter |
| 4:15 | Defendants object to question on basis that it has already been answered; Plaintiffs' attorney responds and continues questioning of Vetter |
| 4:17 | Plaintiffs' attorney concludes direct examination of Vetter |
| 4:17 | Defendants' attorney Baynard begins cross examination of Vetter |
| 4:23 | Plaintiffs object to Defendants' attorney's question on basis that it calls for a legal conclusion |
| 4:23 | Court questions Vetter |
| 4:24 | Defendants' attorney Baynard continues cross examination of Vetter |
| 4:24 | Plaintiffs object to Defendants' attorney's question on hearsay grounds |
| 4:25 | Court states that Vetter's answer will stand because the question does not call for hearsay |
| 4:25 | Plaintiffs object to Defendants' attorney's question |
| 4:25 | Court states Vetter's answer will stand |
| 4:25 | Defendants' attorney Baynard continues cross examination of Vetter |
| 4:26 | Defendants' attorney Baynard concludes cross examination of Vetter |
| 4:26 | Plaintiffs' attorney begins redirect examination of Vetter |
| 4:32 | Plaintiffs' attorney concludes redirect examination of Vetter |
| 4:32 | Defendants' attorney Baynard begins re-cross examination of Vetter |
| 4:32 | Plaintiffs object to question on basis that it calls for legal conclusion |
| 4:32 | Court overrules objection, finding it calls for facts, not legal conclusion |
| 4:33 | Plaintiffs object to question on basis that it calls for legal conclusion |
| 4:32 | Court overrules objection, finding it calls for facts, not legal conclusion |
| 4:33 | Defendants' attorney concludes re-cross examination |
| 4:33 | Witness Luke Vetter is excused |
| 4:34 | Plaintiffs call witness Patrick Kaine; Kaine sworn |
| 4:35 | Plaintiffs begin direct examination of Kaine |
| 4:51 | Defendants object to question on basis that it has already been answered |
| 4:51 | Court finds the question is appropriate and instructs Kaine to answer |
| 5:11 | Defendants object to question on basis that it is irrelevant and has already been answered |
| 5:11 | Court responds |
| 5:11 | Plaintiffs' attorney concludes direct examination of Kaine |
| 5:11 | Defendants' attorney Baynard states cross and re-cross examination of Kaine is likely to last longer than 20 minutes, and requests to resume examination of Kaine and conduct cross examination tomorrow |
| 5:12 | Court concurs; excuses Kaine for evening and instructs him he will proceed tomorrow under same oath as administered today, and is to arrive shortly before 8:30 a.m. tomorrow |
| 5:12 | Court instructs jurors to return by 8:30 a.m. tomorrow; reiterates instruction to jurors to maintain confidentiality, refrain from discussing the matter with one another, and refrain from independently researching the case |
| 5:13 | Jury exits |

5:13   Court stands in recess until 8:30 a.m. tomorrow morning

\* \* \*

**Tuesday, March 14, 2023**

8:30 a.m.   Case called; appearances; Plaintiffs appear in person and through counsel Joy Bertrand; Defendant Patrick Kaine appears in person and Defendants appear through counsel Jasmyne Baynard and Joseph Wirth
8:30   Patrick Kaine retakes witness stand
8:31   Jury reenters
8:31   Defendants' attorney Baynard begins cross examination of Kaine
8:35   Plaintiffs object to question as leading
8:36   Court states Kaine may testify as to his thoughts, reactions, and experiences; witness's answer stands
8:41   Defendants play Exhibit 15, video previously admitted into evidence
9:06   Plaintiffs object to question on the basis of hearsay
9:06   Court overrules objection
9:06   Defendants' attorney Baynard concludes cross examination of Kaine
9:06   Plaintiffs' attorney begins redirect examination of Kaine
9:07   Defendants object to question the basis that it mischaracterizes Kaine's prior testimony
9:07   Court overrules objection
9:11   Defendants object to question on the basis that it mischaracterizes the law
9:11   Court sustains objection
9:13   Defendants object to question on the basis that it lacks foundation
9:13   Court overrules objection
9:14   Defendants object to question on the basis that it is hearsay; Plaintiffs' attorney rephrases question
9:15   Defendants object to question on the basis that it is hearsay; requests sidebar
9:15   Court comments; sustains objection
9:15   Defendants object to question on the basis that it is hearsay
9:16   Court has sidebar with attorneys Baynard and Bertrand
9:16   Court sustains objection
9:17   Plaintiffs play Exhibit 15, video that has already been admitted into evidence
9:18   Defendants object to question on basis of relevancy; Plaintiffs' attorney comments; Defendants' attorney responds
9:19   Court notes that video speaks for itself
9:20   Defendants object; Plaintiffs' attorney continues questioning
9:23   Defendants object to question on the basis that it is argumentative and misstates Kaine's testimony
9:23   Court sustains objection and instructs jury to disregard testimony
9:24   Defendants object to question on the basis that it is argumentative and has been asked and answered

| | |
|---|---|
| 9:24 | Court sustains objection and instructs jury to disregard testimony |
| 9:24 | Plaintiffs' attorney concludes redirect examination |
| 9:24 | Defendants have no further examination |
| 9:24 | Witness Patrick Kaine is excused |
| 9:24 | Plaintiffs call witness Akil Carter; Carter is sworn |
| 9:24 | Plaintiffs' attorney begins direct examination of Carter |
| 9:27 | Defendants object to question on the basis that it is leading |
| 9:27 | Court overrules objection |
| 9:36 | Defendants object to question on basis that it asks for an answer that it is the subject of a motion *in limine* |
| 9:36 | Court has sidebar with attorneys Baynard and Bertrand |
| 9:38 | Plaintiffs' attorney resumes direct examination of Carter; rephrases question |
| 9:50 | Plaintiffs' attorney concludes direct examination of Carter |
| 9:50 | Defendants' attorney Baynard begins cross examination of Carter |
| 9:52 | Plaintiffs object to question on the basis that it is argumentative |
| 9:52 | Court overrules objection |
| 9:54 | Plaintiffs object to question on the basis that is hearsay |
| 9:54 | Court overrules objection |
| 9:55 | Defendants' attorney Baynard concludes cross examination of Carter |
| 9:55 | Plaintiffs' attorney begins redirect examination of Carter |
| 9:56 | Defendants object to question on basis that it calls for a legal conclusion |
| 9:56 | Court sustains objection |
| 9:56 | Plaintiffs' attorney concludes redirect examination of Carter |
| 9:56 | Witness Akil Carter is excused |
| 9:56 | Plaintiffs' attorney indicates Plaintiffs' next witness is subject to pretrial motions |
| 9:56 | Court instructs jury that jury will be excused to address pending matters with counsel |
| 9:57 | Court stands in recess insofar as jury is concerned |
| 9:58 | Plaintiffs' attorney argues that Brian Landers is a relevant witness and note he is available to testify via videoconference due to being symptomatic from COVID; discusses factual basis for relevance of Landers's testimony, noting testimony of officer witnesses so far has indicated they took inconsistent approaches to participating in the traffic stop at issue here and some approaches were not consistent with state training of police officers |
| 10:02 | Defendants respond, arguing that Landers is not entitled to render a final opinion on the legal question at issue here, that Defendants challenge Landers's reliability and helpfulness, and that Landers's testimony would be unduly prejudicial to Defendants |
| 10:04 | Plaintiffs' attorney responds, delineating the likely scope of Landers's testimony |
| 10:06 | Court references its comments at the Final Pretrial Conference and the outset of trial; notes the legal issue here is limited to the information that was communicated to Officer Kaine before he began pursuing Plaintiffs' vehicle; notes that if jury finds that the tip—even if incorrect or misadvised—provided adequate legal basis for the traffic stop, Landers is not relevant; comments that the stop of Plaintiffs was an unfortunate incident; notes its position that Plaintiffs' argument that the eyewitness tip did not occur is fanciful; states that officers' training to order a driver out is irrelevant because in this case, the eyewitness indicated the |

backseat passenger, not the driver, was implicated, therefore Kaine's choice to order Carter out from the backseat was reasonable; states that Landers's testimony would confuse the jury and serves no interest in the factfinding process; therefore, the Court, consistent with its earlier indications, finds that there is no reason for Landers's testimony, and precludes Landers from testifying; asks whether Plaintiffs have any other witnesses

10:12  Plaintiffs have no further witnesses
10:12  Defendants' attorney Wirth requests that the Court take their Rule 54(b) motion under advisement; requests to play recording of Carl Anderson deposition
10:13  Court will allow Defendants to play Anderson deposition
10:13  Defendants' attorney Wirth comments
10:13  Court comments
10:14  Defendants' attorney Wirth requests to take morning recess
10:14  Plaintiffs' attorney object to use of the Anderson deposition testimony, because Anderson has been served but has failed to appear; if recording is shown, Plaintiffs requests that jury receive only portions of deposition shown
10:15  Court notes that video evidence does not go to the jury room, and that if jurors wish to review electronic exhibits, they may request to do so, and reviewing will be done in the courtroom
10:15  Defendants' attorney Wirth references affidavits of service and indicates their process server tried about 12 times to serve Anderson
10:16  Plaintiffs' attorney references affidavits of service, and indicates that, like Defendants, Plaintiffs also had substantial difficulty in serving Anderson, but Plaintiffs did succeed in serving Anderson's wife at their domicile
10:17  Court comments that, because Anderson is not here, and in light of Defendants' attempts at service, the Court will allow video deposition to substitute for Anderson's live testimony
10:18  Plaintiffs' attorney restates Plaintiffs' objection
10:18  Court comments
10:18  Recess

* * *

10:35  Court back in session; technology issue addressed
10:40  Jury reenters
10:40  Court addresses jury
10:40  Plaintiffs rest
10:40  Defendants' attorney Baynard states Defendants will present video deposition of Carl Anderson
10:41  Court allows them to do so
10:43  Defendants' attorney Wirth comments the video will be advanced to the portions relevant to this case
11:18  Defendants conclude showing video deposition of Anderson
11:19  Plaintiffs have nothing further
11:19  Defense rests, subject to moving in Exhibits
11:20  Court notes it is still awaiting redactions to Exhibit 41

| | |
|---|---|
| 11:20 | Defendants move for admission Exhibit 18, report of Officer Kaine, as well as Exhibit 10, video deposition of Carl Anderson, and Exhibit 8, declaration referenced in Anderson's deposition; Defense otherwise rests |
| 11:21 | Plaintiff has no objection to admission of Exhibits 8 and 10 |
| 11:21 | Court receives Exhibits 8, 10, 18, 41 into evidence, noting it is still awaiting redactions on Exhibit 41 |
| 11:22 | Plaintiffs request to call Paulette Barr in rebuttal; Court allows |
| 11:22 | Paulette Barr takes witness stand; Court reminds Barr she proceeds under same oath as yesterday |
| 11:23 | Plaintiffs' attorney begins rebuttal examination of Barr |
| 11:24 | Plaintiffs' attorney references iPhone X as a demonstrative |
| 11:25 | Plaintiffs' attorney concludes rebuttal examination of Barr |
| 11:25 | Defendants have no further rebuttal questions of Barr |
| 11:25 | Witness Paulette Barr is excused |
| 11:25 | Plaintiffs have nothing further |
| 11:25 | Defendants have nothing further |
| 11:25 | Court states that, subject to its review of exhibits received into evidence, evidence is closed, and that Court must now address jury instructions with counsel, and that once instructions have been finalized and copied, each jury member will receive a copy; jurors will be excused for lunch and are to return just before 2:00 p.m.; notes that, after jury instructions are read and case is submitted to the jury, the jury will begin deliberation, taking as long as necessary to conclude |
| 11:29 | Court stands in recess insofar as the jury is concerned |
| 11:29 | Court will reconvene at 12:00 p.m., at which time counsel will discuss jury instructions and verdict form; counsel are instructed to discuss these matters during recess, and to discuss Exhibit 41 |
| 11:30 | Court stands in recess |

\* \* \*

| | |
|---|---|
| 12:00 | Court back in session; notes that, based on evidence and testimony, Court proposes a modification to instruction as to deposition testimony, and has circulated draft language; Court reads draft language; inquires as to whether counsel has any proposed changes as to Part I |
| 12:02 | Parties have no proposed changes as to Part I |
| 12:02 | Court discusses draft instructions in Part II, parties' joint proposed and competing proposed instructions, and motions *in limine*; states its position is that other officers relied on Officer Patrick Kaine's assessment of the situation and had no involvement in initiating the stop; invites comment from parties |
| 12:04 | Defendants have no objection to the instructions as drafted |
| 12:04 | Plaintiffs object; notes that the parties agreed on jury instructions as to some state law claims, and argues that in light of parties' agreement, these claims should be instructed and submitted to the jury |

| Time | Event |
|---|---|
| 12:05 | Court states that, based on its reading of Wisconsin state statutes and constitution, an administrative claim had to be filed before bringing these state law claims, which Plaintiffs have not demonstrated that they did so |
| 12:06 | Plaintiffs' attorney states that Plaintiffs did file a notice of claim, and referenced such in their complaint, and Defendants never raised this issue |
| 12:06 | Court requests offer of proof as to negligence claim |
| 12:07 | Plaintiffs' attorney responds that duty element is satisfied because Defendants had a duty to uphold the Constitution and use least restrictive means to conduct the seizure of Plaintiffs |
| 12:08 | Court comments that it is uncommon to submit both a federal Constitutional claim and state law negligence claims to the jury; comments further that, should parties wish to brief whether Defendants had a common law duty to Plaintiffs, they may do so, but should that be the case, the jury will be sent home and reconvened later |
| 12:10 | Defendants' attorney Wirth comments that it is not clear whether Plaintiffs have presented adequate evidence to sustain any common law duty of Defendants to Plaintiffs beyond a Fourth Amendment duty |
| 12:11 | Plaintiffs' attorney reiterates negligence claims should be submitted to the jury, in light of parties' agreement |
| 12:11 | Court notes, the parties' agreement notwithstanding, the instructions must fit the evidence presented, which is not the case here |
| 12:13 | Defendants' attorney Wirth comments that parties' agreement as to instructions does not necessarily mean that Defendants concede the sufficiency of certain claims |
| 12:13 | Court comments |
| 12:16 | Plaintiffs' attorney comments |
| 12:16 | Court reminds parties to make a record on the *Batson* challenge, and to do so after the case is submitted to the jury |
| 12:17 | Plaintiffs' attorney references additional proffered instructions; retracts request for additional proposed instructions based on *Florida v. Bostick*; discusses additional proposed instructions as to totality of circumstances and reasonableness of seizure, rooted in *Adams v. Williams* and *United States v. Seelye* |
| 12:21 | Court asks how Plaintiffs' proposed instruction is different from what the Court has drafted; notes *Seelye* is outside the Seventh Circuit |
| 12:23 | Plaintiffs' attorney states argues proposed supplemental instruction is more specific, would be more helpful to jurors to guide their analysis, and aligns with the considerations that have come out through the presentation of evidence in this case |
| 12:24 | Defendants' attorney Baynard argues Plaintiffs' proposed instruction could confuse the jury or lead them to go off on a tangent or give undue consideration to what Defendants view as irrelevant evidence presented at trial; notes Seventh Circuit does not follow *Seelye* and the case appears to be inapplicable here; request that Court retain its proposed instruction |
| 12:25 | Plaintiffs' attorney requests supplemental instruction that Wisconsin law permits possession of some firearms in a vehicle; makes offer of proof and argues that instruction is appropriate |
| 12:27 | Court states that Plaintiffs may argue this point to the jury, but it will not go into instructions |
| 12:28 | Defendants challenge punitive damages instruction, arguing the evidence does not support it and that inclusion of a punitive damages instruction would be unfairly prejudicial |

| | |
|---|---|
| 12:29 | Court states that any decision to remove punitive damages instruction would cast the Court in the role of the factfinder, so it will not be removed |
| 12:30 | Parties have nothing further as to Part II |
| 12:31 | Plaintiffs' attorney comments that, subject to its prior objections, Plaintiffs have no further objections to Part III or to the verdict form |
| 12:31 | Defendants note objection to punitive damage question on verdict form; have no further objections |
| 12:32 | Court notes instructions will be available around 1:30; Court will reconvene at 2:00 p.m.; instructs parties to submit parties' agreed-upon redacted version of Exhibit 41 to clerk |
| 12:33 | Court stands in recess |

\* \* \*

| | |
|---|---|
| 2:02 | Court back in session |
| 2:03 | Court notes jury instructions have been finalized and distributed to the parties; instructs parties to make record on exhibits, namely, Anderson deposition materials |
| 2:04 | Defendants' attorney Wirth states that Defendants wish to move transcript of Anderson deposition, Exhibit 2, into evidence |
| 2:04 | Plaintiffs' attorney states Plaintiffs have no objection to admission, subject to transcript including only parts of deposition that were played on video to jury |
| 2:05 | Court states that, while the jury may review the video of Anderson's deposition, the transcript itself will not go to the jury; instructs Defendants' counsel to file a redacted copy of the transcript that mirrors what was played |
| 2:05 | Jury reenters |
| 2:07 | Court reads jury instructions, Part I |
| 2:29 | Court reads jury instructions, Part II |
| 2:41 | Court begins reading jury instructions, Part III, including special verdict form |
| 2:54 | Plaintiffs offer closing argument |
| 3:21 | Defendants offer closing argument |
| 3:31 | Plaintiffs' attorney objects on basis that the argument misstates testimony |
| 3:31 | Defendants' attorney continues closing argument |
| 3:45 | Plaintiffs offer rebuttal to Defendants' closing argument |
| 3:57 | Defendants object to rebuttal and moves to strike portion that misrepresents what the jury is being asked to do |
| 3:57 | Court overrules objection, noting the jury is to use the jury instructions in applying the law to the facts |
| 3:58 | Plaintiffs continue rebuttal argument |
| 3:58 | Court continues reading jury instructions, Part III |
| 4:03 | Court concludes reading jury instructions |
| 4:03 | Court makes additional comments to jury about logistics during deliberation |
| 4:04 | Jury is discharged for deliberations |
| 4:05 | Parties discuss final exhibits; agree that, should jury wish to review any exhibits, they may do so in courtroom |
| 4:06 | Plaintiffs' attorney makes record of Plaintiffs' *Batson* challenge to the striking of Juror No. 10, |

| | |
|---|---|
| | which was initially addressed in sidebar with the Court |
| 4:07 | Defendants' attorney Baynard makes record of Defendants' response to Plaintiffs' *Batson* challenge, noting Defendants' position is that the basis for striking this juror was her education and profession, and notes another juror of a similar profession was subject to a peremptory strike |
| 4:08 | Court comments; Court finds that, for reasons it stated off the record, Defendants have provided a race-neutral reason for having exercised the peremptory strike; notes, for the record, that one Plaintiff is African American while two are Caucasian, so the applicability of *Batson* is neutralized as well |
| 4:10 | Court inquires whether any additional matters that need to be made of record |
| 4:10 | Plaintiffs' attorney notes for the record that *Batson* is applicable in civil matters; authority is *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614 (1991) |
| 4:11 | Court instructs that bailiff will check at 5:00 p.m. as to whether the jury will continue to deliberate into the evening, or will return to do so in the morning, and instructs attorneys and parties to be available for an update at that time |
| 4:12 | Bailiff sworn |
| 4:13 | Court stands in recess |

\* \* \*

| | |
|---|---|
| 4:54 | Court reconvenes; Court states that jury has notified the bailiff that they have reached a verdict; parties have no matters to address before Court receives the verdict |
| 4:55 | Jury enters |
| 4:57 | Court asks the foreperson if the jury has reached a verdict, and the foreperson confirms that they have |
| 4:58 | Court publishes the verdict |
| 4:59 | Court asks whether the published verdict is their true verdict; the jury responds affirmatively |
| 4:59 | Plaintiffs do not request jury polling; Defendants do not request jury polling |
| 4:59 | Court addresses the jury |
| 5:04 | Jury is discharged |
| 5:04 | Court addresses Plaintiffs |
| 5:05 | Court states that, the jury having spoken as to liability of principal actor Defendant Patrick Kaine, it is obliged to enter a judgment dismissing the case as to each of the Defendants; will direct Clerk of Court to enter judgment accordingly |
| 5:06 | Parties have nothing further |
| 5:06 | Court stands in recess |