# United States District Court
# Eastern District of Wisconsin (Milwaukee)
# CIVIL DOCKET FOR CASE #: <u>2:19–cv–01422–JPS</u>

| | |
|---|---|
| Carter et al v. City of Wauwatosa et al | Date Filed: 09/30/2019 |
| Assigned to: Judge J P Stadtmueller | Date Terminated: 05/04/2023 |
| Case in other court:  Milwaukee County Circuit Court, | Jury Demand: Plaintiff |
| 2019CV006180 | Nature of Suit: 440 Civil Rights: Other |
| Cause: 42:1983 Civil Rights Act | Jurisdiction: Federal Question |

**<u>Plaintiff</u>**

**Akil K Carter**                              represented by   **Joy M Bertrand**
Joy Bertrand Esq
PO Box 2734
Scottsdale, AZ 85252–2734
602–374–5321
Fax: 480–361–4694
Email: joy@joybertrandlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**Paulette H Barr**                           represented by   **Joy M Bertrand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**Sandra K Adams**                         represented by   **Joy M Bertrand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**City of Wauwatosa**                     represented by   **Ann C Wirth**
*TERMINATED: 05/04/2023*                                 Wirth & Baynard
9898 W Bluemound Rd – Ste 2
Wauwatosa, WI 53226
414–291–7979
Email: acw@wbattys.com
*ATTORNEY TO BE NOTICED*

**Gregg J Gunta**
Wirth + Baynard

9898 W Bluemound Rd – Ste 2
Wauwatosa, WI 53226
414–291–7979
Fax: 414–291–7960
Email: gjg@guntalaw.com
*ATTORNEY TO BE NOTICED*

**Jasmyne M Baynard**
Wirth + Baynard
9898 W Bluemound Rd – Ste 2
Wauwatosa, WI 53226
414–291–7979
Fax: 414–291–7960
Email: jmb@wbattys.com
*ATTORNEY TO BE NOTICED*

**John A Wolfgang**
Wirth + Baynard
9898 W Bluemound Rd – Ste 2
Wauwatosa, WI 53226
414–291–7979
Fax: 414–291–7960
Email: jaw@guntalaw.com
*TERMINATED: 02/05/2021*

**Joseph M Wirth**
Wirth & Baynard
9898 W Bluemound Rd – Ste 2
Wauwatosa, WI 53226
414–291–7979
Email: jmw@wbattys.com
*ATTORNEY TO BE NOTICED*

**Kiley Beth Zellner**
Crivello Carlson SC
710 N Plankinton Ave – Ste 500
Ste 500
Milwaukee, WI 53203
414–290–7508
Fax: 414–271–4438
Email: kzellner@crivellocarlson.com
*TERMINATED: 03/02/2023*

**Kyle R Moore**
Wirth & Baynard
9898 W Bluemound Rd – Ste 2
Wauwatosa, WI 53226
414–291–7979
Fax: 414–291–7960
Email: krm@wbattys.com
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **James MacGillis** | represented by | **Ann C Wirth** |
| *TERMINATED: 05/04/2023* | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Gregg J Gunta**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jasmyne M Baynard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John A Wolfgang**
(See above for address)
*TERMINATED: 02/05/2021*

**Joseph M Wirth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kiley Beth Zellner**
(See above for address)
*TERMINATED: 03/02/2023*

**Kyle R Moore**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Patrick Kaine** | represented by | **Ann C Wirth** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Gregg J Gunta**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jasmyne M Baynard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John A Wolfgang**
(See above for address)
*TERMINATED: 02/05/2021*

**Joseph M Wirth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kiley Beth Zellner**

(See above for address)
*TERMINATED: 03/02/2023*

**Kyle R Moore**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Luke Vetter**
*TERMINATED: 05/04/2023*

represented by

**Ann C Wirth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregg J Gunta**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jasmyne M Baynard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John A Wolfgang**
(See above for address)
*TERMINATED: 02/05/2021*

**Joseph M Wirth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kiley Beth Zellner**
(See above for address)
*TERMINATED: 03/02/2023*

**Kyle R Moore**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nicole Gabriel**
*TERMINATED: 05/04/2023*

represented by

**Ann C Wirth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregg J Gunta**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jasmyne M Baynard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John A Wolfgang**
(See above for address)

*TERMINATED: 02/05/2021*

**Joseph M Wirth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kiley Beth Zellner**
(See above for address)
*TERMINATED: 03/02/2023*

**Kyle R Moore**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Derek Dienhart**                    represented by    **Ann C Wirth**
*TERMINATED: 05/04/2023*                               (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Gregg J Gunta**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jasmyne M Baynard**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **John A Wolfgang**
                                                        (See above for address)
                                                        *TERMINATED: 02/05/2021*

                                                        **Joseph M Wirth**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kiley Beth Zellner**
                                                        (See above for address)
                                                        *TERMINATED: 03/02/2023*

                                                        **Kyle R Moore**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**John Does 1–3**                     represented by    **Ann C Wirth**
*TERMINATED: 08/10/2022*                               (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jasmyne M Baynard**
                                                        Wirth & Baynard
                                                        9898 W Bluemound Rd – Ste 2

Wauwatosa, WI 53226
414–291–7979
Fax: 414–291–7960
Email: jmb@wbattys.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jane Does 1–3**
*TERMINATED: 08/10/2022*

represented by **Ann C Wirth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jasmyne M Baynard**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/30/2019 | 1 | | NOTICE OF REMOVAL by Patrick Kaine, Luke Vetter, Derek Dienhart, Nicole Gabriel, City of Wauwatosa, Barry Weber from Milwaukee County Circuit Court, Case Number: 2019cv006180 with attached state court documents. (Filing Fee PAID $400 receipt number AWIEDC–3233255) (Attachments: # 1 Summons, # 2 Complaint, # 3 Civil Cover Sheet)(Wolfgang, John) |
| 09/30/2019 | 2 | | NOTICE of Appearance by John A Wolfgang on behalf of City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber. Attorney(s) appearing: John A. Wolfgang, Gregg J. Gunta, Ann C. Wirth and Jasmyne M. Baynard (Wolfgang, John) |
| 09/30/2019 | 3 | | DISCLOSURE Statement by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber. (Wolfgang, John) |
| 09/30/2019 | 4 | | ANSWER to Complaint *With Affirmative Defenses* by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber.(Wolfgang, John) |
| 09/30/2019 | | | NOTICE Regarding assignment of this matter to Judge J P Stadtmueller ;Consent/refusal forms for Magistrate Judge Joseph to be filed within 21 days;the consent/refusal form is available on our website (jcl) |
| 09/30/2019 | 5 | | NOTICE of Appearance by Ann C Wirth on behalf of City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber. Attorney(s) appearing: Ann C. Wirth, Gregg J. Gunta, John A. Wolfgang and Jasmyne M. Baynard (Wirth, Ann) |
| 09/30/2019 | 6 | | NOTICE of Appearance by Gregg J Gunta on behalf of City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber. Attorney(s) appearing: Gregg J. Gunta, John A. Wolfgang, Ann C. Wirth and Jasmyne M. Baynard (Gunta, Gregg) |
| 09/30/2019 | 7 | | NOTICE of Appearance by Jasmyne M Baynard on behalf of City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber. Attorney(s) appearing: Jasmyne M. Baynard, Gregg J. Gunta, John A. |

| | | | |
|---|---|---|---|
| | | | Wolfgang and Ann C. Wirth (Baynard, Jasmyne) |
| 09/30/2019 | 8 | | Magistrate Judge Jurisdiction Form filed by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber. (NOTICE: Pursuant to Fed.R.Civ.P. 73 this document is not viewable by the judge.) (Gunta, Gregg) |
| 10/01/2019 | 9 | | NOTICE of Hearing: Scheduling Conference set for 10/25/2019 at 9:00 AM in Courtroom 425, 517 E. Wisconsin Ave., Milwaukee, WI before Judge J P Stadtmueller. Joint Rule 26 Plan due by 10/22/2019. (cc: all counsel)(jm) |
| 10/22/2019 | 10 | | REPORT of Rule 26(f) Plan by Sandra K Adams, Paulette H Barr, Akil K Carter. (Attachments: # 1 Text of Proposed Order)(Bertrand, Joy) |
| 10/25/2019 | 11 | | Minute Entry for proceedings held before Judge J. P. Stadtmueller: Scheduling Conference held on 10/25/2019. (Court Reporter Susan Armbruster) (nb) |
| 10/25/2019 | 12 | | TRIAL SCHEDULING ORDER signed by Judge J.P. Stadtmueller on 10/25/2019. Interim Settlement Report due by 5/25/2020; Dispositive Motions due by 6/1/2020; Final Settlement Report due by 8/24/2020; Motions in Limine and Daubert Motions due by 8/28/2020; Final/Joint Pretrial Report due by 2:00 PM on 9/2/2020. Final Pretrial Conference set for 9/8/2020 at 8:30 AM in Courtroom 425, 517 E. Wisconsin Ave., Milwaukee, WI before Judge J.P. Stadtmueller. Jury Trial set for 9/14/2020 at 8:30 AM in Courtroom 425, 517 E. Wisconsin Ave., Milwaukee, WI before Judge J.P. Stadtmueller. See Order. (cc: all counsel)(nb) |
| 11/25/2019 | 13 | | CERTIFICATE of Service as to Initial Disclosures by Sandra K Adams, Paulette H Barr, Akil K Carter. (Bertrand, Joy) Modified on 11/26/2019 (asc). |
| 03/31/2020 | 14 | | NOTICE by All Plaintiffs *of Service of Discovery Propounded on Defendants* (Bertrand, Joy) |
| 04/15/2020 | 15 | | NOTICE by All Plaintiffs *of Service of Discovery Propounded on Defendants* (Bertrand, Joy) |
| 04/28/2020 | 16 | | Joint MOTION for Extension of Time *to File Dispositive Motions and Pretrial Submissions*, MOTION to Continue *Jury Trial* by All Plaintiffs. (Attachments: # 1 Text of Proposed Order)(Bertrand, Joy) |
| 05/01/2020 | 17 | | ORDER signed by Judge J P Stadtmueller on 5/1/2020. 16 Parties' Joint Motion for Extension of Time is GRANTED. Specified deadlines of 12 Trial Scheduling Order are AMENDED as follows: Interim Settlement Report now due by 9/22/2020; Dispositive Motions now due by 9/29/2020; Final Settlement Report now due by 12/21/2020; and Motions in Limine and Daubert Motions now due by 12/26/2020. Following dates of 12 Trial Scheduling Order are VACATED pending further order of the Court: final joint pretrial report deadline, final pretrial conference, and jury trial. See Order. (cc: all counsel)(jm) |
| 07/30/2020 | 18 | | STIPULATION *to Protective Order* by All Plaintiffs. (Attachments: # 1 Text of Proposed Order)(Bertrand, Joy) |
| 08/28/2020 | 19 | | STIPULATION *(Joint) to Extend Scheduling Order* by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber. (Wolfgang, John) |

| | | | |
|---|---|---|---|
| 09/24/2020 | 20 | | ORDER signed by Judge J P Stadtmueller on 9/24/2020. 19 Parties' Stipulation to Extend Deadlines is ADOPTED in part. Deadlines of 17 Court's Order are AMENDED as follows: Interim Settlement Report now due by 11/16/2020; Dispositive Motions now due by 12/1/2020; Final Settlement Report now due by 2/22/2021. Deadlines of 17 Court's Order for motions in limine and Daubert motions are VACATED. See Order. (cc: all counsel)(jm) |
| 11/03/2020 | 21 | | JOINT STIPULATION *to Extend Scheduling Order* by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber. (Wolfgang, John) |
| 11/24/2020 | 22 | | ORDER signed by Judge J P Stadtmueller on 11/24/2020. 21 Parties' Stipulation to Extend Deadlines is ADOPTED in part. Deadlines of 20 Court's Order are AMENDED as follows: Interim Settlement Report now due by 2/16/2021; Dispositive Motions now due by 3/31/2021; and Final Settlement Report now due by 5/21/2021. See Order. (cc: all counsel)(jm) |
| 02/02/2021 | 23 | | NOTICE by Sandra K Adams, Paulette H Barr, Akil K Carter *of Service of Discovery -- Deposition Notices* (Bertrand, Joy) |
| 02/05/2021 | 24 | | NOTICE by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber *of Withdrawal of Counsel* (Wirth, Ann) |
| 02/26/2021 | 25 | | Parties' Interim Settlement Report . (Bertrand, Joy) Modified on 3/1/2021 (bx). |
| 03/09/2021 | 26 | | NOTICE of Appearance by Kyle R Moore on behalf of City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber. Attorney(s) appearing: Kyle R. Moore, Ann C. Wirth, Gregg J. Gunta, Jasmyne M. Baynard (Moore, Kyle) |
| 03/23/2021 | 27 | | NOTICE by Sandra K Adams, Paulette H Barr, Akil K Carter *of Service of Discovery -- Fourth Supplemental Disclosure Statement* (Bertrand, Joy) |
| 03/31/2021 | 28 | | WITHDRAWN; Pursuant to DKT. 65 – 66 . ~~MOTION for Summary Judgment by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber. (Baynard, Jasmyne)~~ Modified on 10/13/2021 (bx). |
| 03/31/2021 | 29 | | WITHDRAWN; Pursuant to DKT. 65 – 66 . ~~BRIEF in Support filed by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber re 28 MOTION for Summary Judgment . (Baynard, Jasmyne)~~ Modified on 10/13/2021 (bx). |
| 03/31/2021 | 30 | | WITHDRAWN; Pursuant to DKT. 65 – 66 . ~~Proposed Findings of Fact by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber (Baynard, Jasmyne)~~ Modified on 10/13/2021 (bx). |
| 03/31/2021 | 31 | | WITHDRAWN; Pursuant to DKT. 65 – 66 . ~~DECLARATION of Carl Anderson (Baynard, Jasmyne)~~ Modified on 10/13/2021 (bx). |
| 03/31/2021 | 32 | | WITHDRAWN; Pursuant to DKT. 65 – 66 . ~~DECLARATION of Luke G. Vetter (Baynard, Jasmyne)~~ Modified on 10/13/2021 (bx). |
| 03/31/2021 | 33 | | WITHDRAWN; Pursuant to DKT. 65 – 66 . ~~DECLARATION of Patrick J. Kaine (Baynard, Jasmyne)~~ Modified on 10/13/2021 (bx). |
| 03/31/2021 | 34 | | WITHDRAWN; Pursuant to DKT. 65 – 66 . ~~DECLARATION of Barry Weber (Attachments: # 1 Weber Declaration Exhibit A -- Probationary Officer~~ |

| | | |
|---|---|---|
| | | Training Task #47, # 2 Weber Declaration Exhibit B – Policy No. P-17–12, # 3 Weber Declaration Exhibit C – Policy No. P16–12, # 4 Weber Declaration Exhibit D – P241 Kaine Back Seat – Submitted to Court on flashdrive, # 5 Weber Declaration Exhibit E – P241 Kaine Front – Submitted to Court on flashdrive)(Baynard, Jasmyne)Modified on 10/13/2021 (bx). |
| 03/31/2021 | 35 | WITHDRAWN; Pursuant to DKT. 65 – 66 . ~~DECLARATION of Derek Dienhart (Baynard, Jasmyne)~~ Modified on 10/13/2021 (bx). |
| 03/31/2021 | 36 | WITHDRAWN; Pursuant to DKT. 65 – 66 . ~~DECLARATION of Jasmyne M. Baynard (Attachments: # 1 Baynard Declaration Exhibit A – Deposition Transcript of Patrick Kaine taken on 02/23/2021, # 2 Baynard Declaration Exhibit B – Dispatch Recording from 09/02/2018, # 3 Baynard Declaration Exhibit C – Call Detail Report from 09/02/2018, # 4 Baynard Declaration Exhibit D – Deposition Transcript of Luke Vetter taken on 02/23/2021, # 5 Baynard Declaration Exhibit E – Deposition Transcript of Nicole Gabriel taken on 02/24/2021, # 6 Baynard Declaration Exhibit F – Deposition Transcript of Barry Weber taken on 02/25/2021, # 7 Baynard Declaration Exhibit G – Deposition Transcript of Luke Vetter taken on 09/21/2020)(Baynard, Jasmyne)~~ Modified on 10/13/2021 (bx). |
| 03/31/2021 | 37 | MOTION for Partial Summary Judgment and REQUEST for oral argument by Sandra K Adams, Paulette H Barr, Akil K Carter. (Bertrand, Joy) Modified on 4/2/2021 (rcm). |
| 03/31/2021 | 38 | STATEMENT OF FACT by Sandra K Adams, Paulette H Barr, Akil K Carter . (Bertrand, Joy) |
| 04/02/2021 | 39 | WITHDRAWN; Pursuant to DKT. 65 – 66 . ~~DOCUMENT/FLASH DRIVE RECEIVED from City of Wauwatosa, Derek Dienhart, Nicole Gabriel – located in Clerk's Office.~~ (bx) Modified on 10/13/2021 (bx). (Entered: 04/05/2021) |
| 04/14/2021 | 40 | MOTION for Extension of Time *to File Response to the Defendants' Summary Judgment Motion* by Sandra K Adams, Paulette H Barr, Akil K Carter. (Attachments: # 1 Declaration of Joy Bertrand, # 2 Text of Proposed Order)(Bertrand, Joy) |
| 04/15/2021 | | TEXT ONLY ORDER signed by Judge J P Stadtmueller on 4/15/2021. Upon consideration of Plaintiffs' motion for an extension to file a response to the Defendants' summary judgment 40 , IT IS ORDERED THAT the motion is GRANTED. Plaintiffs' summary judgment response is now due May 31, 2021.(cc: all counsel)(TG) |
| 04/20/2021 | 41 | Emergency MOTION to Seal Record *(Dkts. 28–36)* by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber. (Wirth, Ann) |
| 05/07/2021 | 42 | MOTION to Restrict Document by All Defendants. (Wirth, Ann) Modified on 10/13/2021 (bx). |
| 05/07/2021 | 43 | WITHDRAWN; Pursuant to DKT. 65 – 66 . ~~PROPOSED Findings of Fact In Support~~ BRIEF in Opposition filed by All Defendants re 37 MOTION for Partial Summary Judgment. This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling |

| | | | |
|---|---|---|---|
| | | | ~~login and password to view this document~~ ~~(Wirth, Ann) Modified on 5/10/2021 (bx).~~ Modified on 10/13/2021 (bx). |
| 05/07/2021 | 44 | | WITHDRAWN; Pursuant to DKT. 65 – 66 . ~~RESPONSE to Motion filed by All Defendants re 37 MOTION for Partial Summary Judgment~~ *Response to Plaintiffs' Statement of Fact.* ~~This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document~~~~(Wirth, Ann)~~ Modified on 10/13/2021 (bx). |
| 05/07/2021 | 45 | | WITHDRAWN; Pursuant to DKT. 65 – 66 . ~~PROPOSED Findings of Fact In Support RESPONSE to Motion filed by All Defendants re 37 MOTION for Partial Summary Judgment~~ ~~This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document~~~~(Wirth, Ann) Modified on 5/10/2021 (bx).~~ Modified on 10/13/2021 (bx). |
| 05/07/2021 | 46 | | WITHDRAWN; Pursuant to DKT. 65 – 66 . ~~DECLARATION of Ann Wirth RESPONSE to Motion filed by All Defendants re 37 MOTION for Partial Summary Judgment~~ *Declaration of Ann C. Wirth.* ~~(Attachments: # 1 Wirth Declaration Exhibit 1, # 2 Wirth Declaration Exhibit 2)~~~~This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document~~~~(Wirth, Ann) Modified on 5/10/2021 (bx).~~ Modified on 10/13/2021 (bx). |
| 05/10/2021 | | | NOTICE of Electronic Filing Error re 46 Response to Motion, 45 Response to Motion, 43 Brief in Opposition to Motion, filed by John Does 1–3, Barry Weber, Jane Does 1–3, City of Wauwatosa, Nicole Gabriel, Derek Dienhart, Patrick Kaine, Luke Vetter ; All attachments to documents should include a brief description of the attachment – Ex A – Initial Contract, Ex B – Doe Deposition, Ex C – 2006 Sales Figures, etc. This document does not need to be refiled.<br><br>The incorrect events were chosen for these three filings. When e–filing please choose the event that closely matches the document, for example if the document is a Declaration, the filer should have selected the Declaration event; These documents do not need to be re–filed. In the future, please refer to the policies and procedures for electronic case filing and the user manual found at www.wied.uscourts.gov (bx) |
| 05/19/2021 | 47 | | Second MOTION for Extension of Time by Sandra K Adams, Paulette H Barr, Akil K Carter. (Attachments: # 1 May 13, 2021 Primary Care Physician Off Work Order, # 2 April 29, 2021 Primary Care Physician Off Work Order, # 3 April 24, 2021 Emergency Room Off Work Order, # 4 Text of Proposed Order)(Bertrand, Joy) |
| 05/24/2021 | | | TEXT ONLY ORDER signed by Judge J P Stadtmueller on 5/24/2021. Upon consideration of Plaintiffs' motion for extension of time 47 , IT IS ORDERED that the motion is GRANTED and Plaintiffs' deadline to file a response to Defendant's motion for summary judgment and Plaintiffs' reply brief is extended to June 30, 2021. (cc: all counsel)(TG) |
| 06/18/2021 | 48 | | Unopposed MOTION for Extension of Time by All Plaintiffs. (Attachments: # 1 June 9, 2021 Off Work Order, # 2 May 13, 2021 Off Work Order, # 3 Text of |

| | | | |
|---|---|---|---|
| | | | Proposed Order)(Bertrand, Joy) |
| 06/22/2021 | | | TEXT ONLY ORDER by Judge J.P. Stadtmueller on 6/22/2021. Upon consideration of Plaintiff's unopposed motion to extend time to file an opposition to Defendant's motion for summary judgment, (Docket #48), the motion is hereby GRANTED. Plaintiff shall receive a forty−five (45) day extension in which to file the opposition, which must be filed no later than August 16, 2021. Fed. R. Civ. P. 6(a)(1)(C). (cc: all counsel)(cl) |
| 08/10/2021 | 49 | | MOTION for Extension of Time by All Plaintiffs. (Attachments: # 1 Text of Proposed Order, # 2 July 1, 2021 off work order, # 3 June 9, 2021 off work order)(Bertrand, Joy) |
| 08/12/2021 | 50 | | RESPONSE to Motion filed by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber re 49 MOTION for Extension of Time . (Baynard, Jasmyne) |
| 08/12/2021 | 51 | | REPLY BRIEF in Support filed by All Plaintiffs re 49 MOTION for Extension of Time . (Bertrand, Joy) |
| 08/13/2021 | 52 | | MOTION to Seal Document by All Plaintiffs. (Attachments: # 1 Text of Proposed Order)(Bertrand, Joy) |
| 08/13/2021 | 53 | | SUPPLEMENT by All Plaintiffs . (Attachments: # 1 Letter from Plaintiffs' Counsel's Medical Providers)This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Bertrand, Joy) |
| 08/16/2021 | 54 | | ORDER signed by Judge J P Stadtmueller on 8/16/2021 GRANTING: 49 Plaintiffs' Fourth Motion for Extension of Time and 52 Plaintiffs' Motion to Seal. By 8/27/2021, parties to meet and confer re an agreed upon statement of facts. By 9/15/2021, Plaintiffs to FILE response to 28 Defendants' Motion for Summary Judgment and reply in support of 37 Plaintiffs' Motion for Summary Judgment. See Order. (cc: all counsel)(jm) |
| 08/27/2021 | 55 | | WITHDRAWN; Pursuant to DKT. 65 – 66 . RESPONSE to Motion filed by All Defendants re 37 MOTION for Partial Summary Judgment . This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Wirth, Ann) Modified on 10/13/2021 (bx). |
| 08/27/2021 | 56 | | LETTER from Ann C. Wirth . (Wirth, Ann) |
| 09/15/2021 | 57 | | MOTION for Extension of Time by All Plaintiffs. (Attachments: # 1 Proof of OnStar Service Request, # 2 Text of Proposed Order)(Bertrand, Joy) |
| 09/17/2021 | | | TEXT ONLY ORDER by Judge J P Stadtmueller on 9/17/2021. Upon consideration of 57 Plaintiffs' Motion for Extension of Time to file a response, the Court GRANTS the motion. Plaintiffs have until 9/17/2021 to file response. (cc: all counsel) (cl) |
| 09/18/2021 | 58 | | RESPONSE filed by All Plaintiffs re 30 Proposed Findings of Fact (Attachments: # 1 Exhibit 1 –– Defendants' Response to Plaintiffs' First Set of Document Demands, # 2 Exhibit 2 –– Carl Anderson Deposition Transcript (Filed Under Seal))(Bertrand, Joy) |

| 09/18/2021 | 59 | | DECLARATION of Joy Bertrand (Attachments: # 1 Exhibit 3 –– Derek Dienhart Deposition Transcript, # 2 Exhibit 4 –– May 4, 2021 John Doe Hearing Transcript, # 3 Exhibit 5 –– Brian Landers' September 14, 2021 Report, # 4 Exhibit 6 –– February 25, 2021 John Doe Hearing Transcript)(Bertrand, Joy) |
|---|---|---|---|
| 09/19/2021 | 60 | | RESPONSE to Motion filed by All Plaintiffs re 28 MOTION for Summary Judgment . (Bertrand, Joy) |
| 09/19/2021 | 61 | | MOTION to Seal Transcript of Carl Anderson's Deposition by All Plaintiffs. (Attachments: # 1 Text of Proposed Order)(Bertrand, Joy) Modified on 9/20/2021 (bx). |
| 09/19/2021 | 62 | | ORIGINAL DOCUMENT –*Transcript of Carl Anderson Deposition* ~~This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document~~(Bertrand, Joy) Modified on 9/20/2021 (bx). |
| 09/19/2021 | 63 | | MOTION to Seal the Motion to Extend Time to File Plaintiff's Response to the Defendants' Motion for Summary Judgement by All Plaintiffs. (Attachments: # 1 Text of Proposed Order)(Bertrand, Joy) Modified on 9/20/2021 (bx). |
| 09/19/2021 | 64 | | MOTION for Extension of Time *to File Response to the Defendants' Summary Judgment Motion to September 19, 2021 (Response Filed Instanter)* by All Plaintiffs. (Attachments: # 1 Text of Proposed Order)This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Bertrand, Joy) |
| 09/28/2021 | 65 | | ORDER signed by Judge J P Stadtmueller on 9/28/2021. 28 Motion for Summary Judgment is DENIED without prejudice ; 37 Motion for Partial Summary Judgment is DENIED without prejudice. IT IS FURTHER ORDERED that the motions to seal or restrict documents related to the litigation (Dkt # 41 , # 42 , # 61 ) are DENIED without prejudice. IT IS FURTHER ORDERED that the parties may file a letter indicating which documents they wish to retract no later than **Tuesday, October 12, 2021**. IT IS FURTHER ORDERED that if no letter is filed by **Tuesday, October 12, 2021,** the Clerk of Court is ordered to **UNSEAL** all documents contemplated in (Docket #41, #42, #61). IT IS FURTHER ORDERED that Plaintiffs counsels 63 motion to restrict is GRANTED; and IT IS FURTHER ORDERED that Plaintiffs counsels 64 motion for another extension of time is DENIED as moot. See Order. (cc: all counsel)(bx) |
| 10/12/2021 | 66 | | LETTER from Ann C. Wirth . (Wirth, Ann) |
| 10/19/2021 | 67 | | NOTICE of Appearance by Kiley Beth Zellner on behalf of City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber. Attorney(s) appearing: Kiley B. Zellner (Zellner, Kiley) |
| 11/09/2021 | 68 | | LETTER from Kiley B. Zellner *Regarding Case Status*. (Zellner, Kiley) |
| 11/10/2021 | | | NOTICE of Hearing: Status Conference set for 11/18/2021 at 9:30 AM by telephone before Judge J.P. Stadtmueller. The court will initiate the call. No later than 12:00 PM the day prior to the hearing, counsel shall notify chambers at 414–297–1102 of the direct telephone number at which they may be |

| | | | |
|---|---|---|---|
| | | | reached. (cc: all counsel) (cl) |
| 11/17/2021 | 69 | | RESPONSE filed by All Plaintiffs re 68 Letter (Bertrand, Joy) |
| 11/18/2021 | 70 | | Minute Entry for proceedings held before Judge J.P. Stadtmueller: Scheduling Conference held on 11/18/2021. (Court Reporter John Schindhelm) (cl) |
| 01/03/2022 | 71 | | NOTICE by All Plaintiffs *of Service of Offer of Judgment* (Bertrand, Joy) |
| 01/06/2022 | 72 | | ORDER signed by Judge J P Stadtmueller on 1/6/2022 regarding the Courts COVID–19 safety protocols. All persons physically present before Judge J.P. Stadtmueller must be fully vaccinated against the COVID–19 virus and provide proof as such. See Order for details. (cc: all counsel)(cl) |
| 01/06/2022 | 73 | | ORDER signed by Judge J.P. Stadtmueller on 1/6/2022. The parties are to submit a joint letter addressing whether they are able to comply with 72 the Court's COVID–19 order. See Order for details. (cc: all counsel) (cl) |
| 01/21/2022 | 74 | | MOTION for Sanctions and Dismissal by City of Wauwatosa, Derek Dienhart, Nicole Gabriel. (Zellner, Kiley). Added MOTION to Dismiss on 1/24/2022 (rcm). |
| 01/21/2022 | 75 | | BRIEF in Support filed by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber re 74 MOTION for Sanctions . (Zellner, Kiley) |
| 01/21/2022 | 76 | | DECLARATION of Jasmyne M. Baynard *In Support of Motion for Sanctions and Dismissal* (Attachments: # 1 Exhibit A – Email)(Zellner, Kiley) |
| 01/21/2022 | 77 | | DECLARATION of Kiley B. Zellner *In Support of Motion for Sanctions and Dismissal* (Attachments: # 1 Exhibit A – Emails, # 2 Exhibit B – Undisputed Facts, # 3 Exhibit C – Emails, # 4 Exhibit D – Stipulated Facts, # 5 Exhibit E – Email of January 10 2022, # 6 Exhibit F – Letter to Bertrand, # 7 Exhibit G – Letter from Bertrand, # 8 Exhibit H – Reply Letter to Bertrand, # 9 Exhibit I – Rule 26(a) Initial Disclosures, # 10 Exhibit J – Discovery Responses)(Zellner, Kiley) |
| 01/24/2022 | | | NOTICE of Electronic Filing Error re 74 MOTION for Sanctions MOTION to Dismiss filed by City of Wauwatosa, Nicole Gabriel, Derek Dienhart ; When filing motions which contain multiple parts the filer should select all applicable parts from the motion event list; Please refer to the policies and procedures for electronic case filing and the user manual found at www.wied.uscourts.gov (rcm) |
| 02/12/2022 | 78 | | RESPONSE to Motion filed by All Plaintiffs re 74 MOTION for Sanctions MOTION to Dismiss . (Attachments: # 1 January 11, 2022 Letter to Defense Counsel, # 2 Defendant Kaine Deposition, # 3 Email Stream Regarding Declaration, # 4 Redacted Mortgage Document for Anderson, # 5 Redacted Bankruptcy Document for Anderson)(Bertrand, Joy) |
| 02/25/2022 | 79 | | REPLY BRIEF in Support filed by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber re 74 MOTION for Sanctions MOTION to Dismiss . (Zellner, Kiley) |
| 03/03/2022 | 80 | | MOTION in Limine *to Preclude All Statements Attributed to Carl Anderson* by All Plaintiffs. (Attachments: # 1 Exhibit 1 –– First Milwaukee County Circuit |

| | | | |
|---|---|---|---|
| | | | Court document, # 2 Exhibit 2 –– Second Milwaukee County Circuit Court Document, # 3 Document Examiner Report)(Bertrand, Joy) |
| 03/24/2022 | 81 | | RESPONSE to Motion filed by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber re 80 MOTION in Limine *to Preclude All Statements Attributed to Carl Anderson* . (Zellner, Kiley) |
| 04/07/2022 | 82 | | MOTION in Limine ~~REPLY BRIEF in Support~~ filed by All Plaintiffs re 80 MOTION in Limine *to Preclude All Statements Attributed to Carl Anderson* . (Attachments: # 1 Exhibit 1 –– Lisa Hanson Declaration and Attachments, # 2 Exhibit 2 –– Defense Responses to Plaintiffs' Document Requests)(Bertrand, Joy) Modified on 4/8/2022 (bx). |
| 04/08/2022 | | | NOTICE of Electronic Filing Error re 82 MOTION filed by Paulette H Barr, Akil K Carter, Sandra K Adams ; The incorrect event was chosen; The event should reflect the title of the document i.e if the title of the document is Motion, the filer should pick the Motion event; This document does not need to be re–filed. Please refer to the policies and procedures for electronic case filing and the user manual found at www.wied.uscourts.gov (bx) |
| 05/06/2022 | 83 | | ORDER signed by Judge J P Stadtmueller on 5/6/2022: DENYING 74 Defendants' Motion for Sanctions and Dismissal and DENYING 80 and 82 Plaintiffs' Motions in Limine. See Order. (cc: all counsel)(jm) |
| 05/26/2022 | 84 | | TRIAL SCHEDULING ORDER signed by Judge J.P. Stadtmueller on 5/26/2022. Final Settlement Report due by 8/1/2022; Motions in Limine and Rule 702 Motions due by 8/8/2022; Final/Joint Pretrial Report due by 2:00 PM on 8/10/2022. Final Pretrial Conference set for 8/16/2022 at 8:30 AM in Courtroom 425, 517 E. Wisconsin Ave., Milwaukee, WI before Judge J.P. Stadtmueller. Jury Trial set for 8/22/2022 at 8:30 AM in Courtroom 425, 517 E. Wisconsin Ave., Milwaukee, WI before Judge J.P. Stadtmueller. See Order. (cc: all counsel) (ATS) |
| 06/02/2022 | 85 | | REQUEST by All Plaintiffs for Referral to Magistrate Judge for Mediation. (Attachments: # 1 Text of Proposed Order)(Bertrand, Joy) |
| 06/03/2022 | | | TEXT ONLY ORDER by Judge J P Stadtmueller on 6/3/2022. Upon consideration of 85 Plaintiffs' unopposed request for referral to a magistrate judge for mediation, the Court GRANTS the request. The matter is referred to Magistrate Judge Aaron E Goodstein to schedule and conduct mediation. (cc: all counsel)(jm) |
| 06/08/2022 | 86 | | Expedited MOTION to Compel by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber. (Attachments: # 1 Declaration of Zellner, # 2 Exhibit A–Emails, # 3 Exhibit B–Proposed Facts)(Zellner, Kiley) |
| 06/09/2022 | 87 | | ORDER REGARDING MEDIATION PROCEEDINGS signed by Magistrate Judge Aaron E Goodstein on 6/9/22. Mediation will be held before Magistrate Judge Aaron E Goodstein via Zoom on 7/7/22 from 10:00 AM until 1:00 PM central time. Court staff will email counsel in advance with the Zoom access information. Mediation statements due via email no later than 6/29/22 at 2:00 PM. See Order for additional information and filing requirements. (cc: all counsel)(kwb) |

| 06/17/2022 | 88 | | RESPONSE to Motion filed by All Plaintiffs re 86 Expedited MOTION to Compel . (Attachments: # 1 Affidavit of Joy Bertrand, # 2 Exhibit 1 –– Email Stream May 9 – June 2, 2022)(Bertrand, Joy) |
|---|---|---|---|
| 07/07/2022 | 89 | | Minutes: Mediation Hearing held before Magistrate Judge Aaron E Goodstein on 7/7/22: Parties unable to resolve the case at this time. Magistrate Judge Goodstein indicated he is available to engage in further discussions with the parties if they wish. Case is returned to the assigned judge for continued case management. (kwb) (Entered: 07/08/2022) |
| 07/11/2022 | 90 | | ORDER signed by Judge J P Stadtmueller on 7/11/2022 GRANTING in part 86 Defendants' Motion for Leave to File Dispositive Motions. The pending dates of 84 Trial Scheduling Order remain unchanged. Any response to a dispositive motion is due within 14 days after the motion is filed; any reply is due within 5 days after the response is filed. See Order. (cc: all counsel)(jm) |
| 07/19/2022 | 91 | | DECLARATION of Derek Dienhart (Zellner, Kiley) |
| 07/19/2022 | 92 | | DECLARATION of Luke G. Vetter (Zellner, Kiley) |
| 07/19/2022 | 93 | | DECLARATION of Barry Weber (Attachments: # 1 Exhibit A WPD Probational Officer Training Task #47, # 2 Exhibit B WPD Policy No. P 17–12, # 3 Exhibit C WPD Policy No. P16–12 Use of Force, # 4 Exhibit D Squad Video P241 Kaine Back Seat, # 5 Exhibit E Squad Video Kaine Front Seat)(Zellner, Kiley) |
| 07/19/2022 | 94 | | DECLARATION of Jasmyne M. Baynard (Attachments: # 1 Exhibit A Dispatch Recording, # 2 Exhibit B CAD Report, # 3 Exhibit C Vetter Depo Transcript of 02.23.2021, # 4 Exhibit D Gabriel Depo Transcript, # 5 Exhibit E Weber Depo Transcript, # 6 Exhibit F Vetter Depo Transcript of 09.21.2020, # 7 Exhibit G Dienhart Squad Dash Cam Video, # 8 Exhibit H Gabriel Squad Dash Cam Video)(Zellner, Kiley) |
| 07/19/2022 | 95 | | MOTION for Summary Judgment by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber. (Zellner, Kiley) |
| 07/19/2022 | 96 | | JOINT STATEMENT OF FACT by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber (Zellner, Kiley) |
| 07/19/2022 | 97 | | BRIEF in Support filed by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber re 95 MOTION for Summary Judgment . (Zellner, Kiley) |
| 07/22/2022 | 98 | | DOCUMENT/FLASH DRIVE RECEIVED – to DKT. 94 Exhibits A, G, H to Declaration of Jasmyne M Banyard, and DKT. 93 Exhibits D and E to the Declaration of Barry Weber – (NOT AVAILABLE ON PACER; Exhibits contained on flash drive stored in Clerk's file, exhibits electronically stored.) (bx) (Entered: 07/25/2022) |
| 07/25/2022 | 99 | | MOTION for Summary Judgment *(Partial) (Oral Argument Requested)* by All Plaintiffs. (Bertrand, Joy) |
| 07/26/2022 | 100 | | AMENDED MOTION for Partial Summary Judgment by All Plaintiffs. (Bertrand, Joy) Modified on 7/26/2022 (bx). |
| 08/01/2022 | 101 | | |

| | | | |
|---|---|---|---|
| | | | Report from Parties –– Joint Settlement Report . This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Bertrand, Joy) |
| 08/02/2022 | 102 | | DECLARATION of Joy Bertrand (Attachments: # 1 Exhibit 1 –– Appleton Post–Crescent Article, # 2 Exhibit 2 –– Metropolitan Integration Research Center Study, # 3 Exhibit 3 –– Statistical Analysis of Race and Ethnicity in Milwaukee County, # 4 Exhibit 4 –– Statistical Analysis of Race and Ethnicity in the City of Milwaukee, # 5 Exhibit 5 –– Center for Public Safety Management Report, # 6 Exhibit 6 –– Defendant Weber Deposition Transcript, # 7 Exhibit 7 –– Defendant Kaine Deposition Transcript, # 8 Exhibit 8 –– Defendant Vetter deposition transcript, # 9 Exhibit 9 –– Vetter 30(b)(6) deposition transcript, # 10 Exhibit 10 –– Defendant Gabriel deposition transcript)(Bertrand, Joy) |
| 08/02/2022 | 103 | | STATEMENT OF FACT by All Plaintiffs *(Statement of Disputed Facts)*. (Bertrand, Joy) |
| 08/02/2022 | 104 | | RESPONSE to Motion filed by All Plaintiffs re 95 MOTION for Summary Judgment with Request for Oral Arguments. (Bertrand, Joy) Modified on 8/3/2022 (rcm). (Entered: 08/03/2022) |
| 08/08/2022 | 105 | | Stipulated MOTION in Limine *to bar Plaintiff expert Lisa Hanson* by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber. (Zellner, Kiley) |
| 08/08/2022 | 106 | | MOTION in Limine by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, Luke Vetter, Barry Weber. (Attachments: # 1 Exhibit A– Email Thread, # 2 Exhibit B– Plaintiffs' Discovery Responses, # 3 Exhibit C–Email Thread with Counsel for Plaintiffs, # 4 Exhibit D–Plaintiffs' Seventh Supplemental Disclosure, # 5 Exhibit E–Plaintiff's Additional Proposed Facts, # 6 Exhibit F–Email Thread re Lowe)(Zellner, Kiley) |
| 08/08/2022 | 107 | | MOTION to Exclude *Brian Landers* by All Defendants. (Attachments: # 1 Exhibit A Landers' Deposition, # 2 Exhibit B Landers' Supplement)(Baynard, Jasmyne) |
| 08/10/2022 | 108 | | ORDER signed by Judge J P Stadtmueller on 8/10/2022. 95 Defendants' Motion for Summary Judgment is DENIED. 100 Plaintiffs' Amended Motion for Summary Judgment is DENIED. Defendants John Does 1–3 and Jane Does 1–3 are DISMISSED from this action. James MacGillis to be SUBSTITUTED as a Defendant for Barry Weber. See Order. (cc: all counsel)(jm) |
| 08/10/2022 | 109 | | *Joint* PRETRIAL REPORT by All Plaintiffs. (Attachments: # 1 Exhibit List, # 2 Joint Proposed Jury Instructions, # 3 Plaintiffs' Proposed Jury Instructions, # 4 Defendants' Proposed Jury Instructions, # 5 Parties' Joint Proposed Verdict Forms, # 6 Plaintiffs' Proposed Verdict Forms, # 7 Defendants Proposed Verdict Forms, # 8 Plaintiffs' Additional Requested Voir Dire, # 9 Table of Contents)(Bertrand, Joy) |
| 08/11/2022 | 110 | | Exhibit List by All Defendants. (Zellner, Kiley) |
| 08/15/2022 | 111 | | RESPONSE to Motion filed by All Plaintiffs re 105 Stipulated MOTION in Limine *to bar Plaintiff expert Lisa Hanson* . (Bertrand, Joy) |
| 08/15/2022 | 112 | | |

| | | | RESPONSE to Motion filed by All Plaintiffs re 107 MOTION to Exclude *Brian Landers* . (Attachments: # 1 Declaration of Joy Bertrand, # 2 Brian Landers' CV)(Bertrand, Joy) |
|---|---|---|---|
| 08/16/2022 | 113 | | Minute Entry for proceedings held before Judge J P Stadtmueller: Final Pretrial Conference held on 8/16/2022. The trial originally scheduled for 8/22/2022 is ADJOURNED pending further submissions from the parties. (Court Reporter Tom Malkiewicz) (cw) |
| 09/02/2022 | 114 | | STATUS REPORT *by Plaintiffs* by All Plaintiffs. (Bertrand, Joy) |
| 10/18/2022 | 115 | | TRANSCRIPT of Final Pre–Trial Conference held on 8/16/2022 before Judge J.P. Stadtmueller Court Reporter/Transcriber Thomas Malkiewicz, Contact at 414–290–2642. Transcripts may be purchased using the Transcript Order Form found on our website or viewed at the court public terminal.  **NOTICE RE REDACTION OF TRANSCRIPTS:** If necessary, within 7 business days each party shall inform the Court of their intent to redact personal identifiers by filing a Notice of Intent to Redact. Please read the policy located on our website  www.wied.uscourts.gov Redaction Statement due 11/14/2022. Redacted Transcript Deadline set for 11/21/2022. Release of Transcript Restriction set for 1/20/2023. (Malkiewicz, Thomas) |
| 11/09/2022 | 116 | | Report from Plaintiffs . (Bertrand, Joy) |
| 12/12/2022 | 117 | | AMENDED TRIAL SCHEDULING ORDER signed by Judge J P Stadtmueller on 12/12/2022. Final Settlement Report due by 1/20/2023; Motions in Limine and Rule 702 Motions due by 1/27/2023; Joint Pretrial Report due by 2:00 PM on 2/1/2023. Final Pretrial Conference set for 2/7/2023 at 8:30 AM in Courtroom 425, 517 E. Wisconsin Ave., Milwaukee, WI 53202 before Judge J P Stadtmueller. Jury Trial set for 3/13/2023 at 8:30 AM in Courtroom 425, 517 E Wisconsin Ave., Milwaukee, WI 53202 before Judge J P Stadtmueller. (cc: all counsel) (cw) |
| 01/09/2023 | 118 | | LETTER from Kiley B. Zellner *Request to reschedule Pretrial Conference*. (Zellner, Kiley) |
| 01/19/2023 | 119 | | RESPONSE filed by All Plaintiffs re 118 Letter (Bertrand, Joy) |
| 01/20/2023 | 120 | | Interim Settlement Report from Kiley B. Zellner . (Zellner, Kiley) |
| 01/20/2023 | 121 | | Report from Plaintiffs –– Final Settlement Report . This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Bertrand, Joy) |
| 01/23/2023 | 122 | | SUPPLEMENT by All Plaintiffs *to 119 January 19, 2023 Response to Defendants' Request to Reschedule Final Pretrial Date*. (Bertrand, Joy) Modified on 1/24/2023 (rcm). |
| 01/23/2023 | 123 | | Report from Plaintiffs –– Corrected Settlement Report (Corrected Caption) . This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Bertrand, Joy) |
| 01/27/2023 | 124 | | MOTION for Leave to File *Amended [Disputed] Motions in Limine* by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, James MacGillis, |

| | | | |
|---|---|---|---|
| | | | Luke Vetter. (Attachments: # 1 Joint Disputed Motions in Limine and Memorandum in Support, # 2 Certification of Kiley B. Zellner, # 3 Declaration of Joy Bertrand)(Zellner, Kiley) |
| 01/30/2023 | | | NOTICE of Electronic Filing Error re 124 MOTION for Leave to File *Amended [Disputed] Motions in Limine* filed by City of Wauwatosa, Nicole Gabriel, Derek Dienhart, Patrick Kaine, Luke Vetter, James MacGillis ; Certain attachments to this document should have been filed as separate entries – Declarations should always be filed as stand–alone events. **This document does not need to be re–filed** ; Please refer to the policies and procedures for electronic case filing and the user manual found at www.wied.uscourts.gov (rcm) |
| 02/01/2023 | 125 | | Joint MOTION for Leave to File by All Plaintiffs. (Attachments: # 1 Joint Pretrial Report, # 2 Pretrial Report Attachments Table of Contents, # 3 Exhibit List, # 4 Joint Proposed Jury Instructions, # 5 Plaintiffs' Proposed Jury Instructions, # 6 Defense Proposed Jury Instructions and Objections, # 7 Joint Proposed Verdict Form, # 8 Plaintiffs' Additional Requested Verdict Forms)(Bertrand, Joy) |
| 02/01/2023 | 126 | | Proposed Voir Dire by All Plaintiffs. (Bertrand, Joy) |
| 02/02/2023 | 127 | | Expedited MOTION to Strike *Plaintiffs' Verdict Forms and Proposed Voir Dire* by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, James MacGillis, Luke Vetter. (Zellner, Kiley) |
| 02/02/2023 | 128 | | DECLARATION of Kiley B. Zellner (Attachments: # 1 Exhibit A – Carter e–mail)(Zellner, Kiley) |
| 02/06/2023 | 129 | | RESPONSE to Motion filed by All Plaintiffs re 127 Expedited MOTION to Strike *Plaintiffs' Verdict Forms and Proposed Voir Dire* . (Bertrand, Joy) |
| 02/06/2023 | 130 | | DECLARATION of Joy Bertrand *in Opposition to Motion to Strike* (Attachments: # 1 Exhibit 1 –– Email stream beginning September 1, 2022, # 2 Exhibit 2 –– Email stream beginning September 30, 2022, # 3 Exhibit 3 –– September 30, 2022 Letter from Plaintiffs' Counsel to Defense, # 4 Exhibit 4 –– November 4, 2022 letter from Plaintiffs' Counsel to Defense Counsel, # 5 Exhibit 5 –– December 8, 2022 Letter from Plaintiffs' Counsel to Defense, # 6 Exhibit 6 –– January 9, 2023 Plaintiff's Counsel letter to Defense, # 7 Exhibit 7 –– Email stream beginning January 28, 2023)(Bertrand, Joy) |
| 02/06/2023 | 131 | | Report from Joy Bertrand *Supplement to Final Settlement Report*. This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(Bertrand, Joy) |
| 02/07/2023 | | | Notice of Hearing: The Final Pretrial Conference originally scheduled for 2/7/2023 is RESCHEDULED to 2/8/2023 at 8:30 AM in Courtroom 425, 517 E Wisconsin Ave., Milwaukee, WI 53202 before Judge J.P. Stadtmueller. (cc: all counsel) (cw) |
| 02/08/2023 | 132 | | Minute Entry for proceedings held before Judge J.P. Stadtmueller: Final Pretrial Conference (second) held on 2/8/2023. (Court Reporter Sue Armbruster) (cw) |
| 02/08/2023 | | | |

| | | | |
|---|---|---|---|
| | | | TEXT ONLY ORDER signed by Judge J.P. Stadtmueller on 2/8/2023. Consistent with the Court's comments during 132 the Final Pretrial Conference, Defendants' original 106 motions in limine are DENIED as moot. The parties' 124 motion for leave to file amended disputed motions in limine is GRANTED; ECF No. 124−1 shall serve as the operative set of motions in limine in this matter. As noted during the Final Pretrial Conference, upon review of the facts and claims in this case, the Court has preliminarily determined that the expert testimony of Brian Landers and the testimony of Barry Weber (or his successor), Dwight Johnson, Sean Lowe, and the University of Wisconsin−Milwaukee Records Custodian will not be necessary at trial. The operative motions in limine will be further addressed at trial. Additionally, the parties' 125 motion for leave to file an amended Final Pretrial Report is GRANTED; ECF No. 125−1 and its attachments shall serve as the operative Final Pretrial Report in this matter, with the caveat that Defendants' 127 motion to strike certain filings associated with the amended Final Pretrial Report remains pending. Finally, in light of the parties' agreement, the 105 motion to bar Plaintiffs expert Lisa Hanson is DENIED as moot. (cc: all counsel) (cw) |
| 02/16/2023 | 133 | | TRANSCRIPT of Final Pretrial Conference held on February 8, 2023 before Judge JP Stadtmueller Court Reporter/Transcriber Susan Armbruster, Contact at 414−290−2641. Transcripts may be purchased using the Transcript Order Form found on our website or viewed at the court public terminal. **NOTICE RE REDACTION OF TRANSCRIPTS:** If necessary, within 7 business days each party shall inform the Court of their intent to redact personal identifiers by filing a Notice of Intent to Redact. Please read the policy located on our website www.wied.uscourts.gov Redaction Statement due 3/13/2023. Redacted Transcript Deadline set for 3/23/2023. Release of Transcript Restriction set for 5/22/2023. (Armbruster, Susan) |
| 02/17/2023 | 134 | | Expedited MOTION for Reconsideration *of February 8, 2023 Rulings, Pursuant to Fed. R. Civ. Pro. 54(b)* by All Plaintiffs. (Bertrand, Joy) |
| 02/17/2023 | 135 | | DECLARATION of Joy Bertrand *in Support of Expedited Motion to Reconsider February 8, 2023 Rulings* (Attachments: # 1 August 25, 2020 Email to John Wolfgang)(Bertrand, Joy) |
| 02/24/2023 | 136 | | RESPONSE to Motion filed by All Defendants re 134 Expedited MOTION for Reconsideration *of February 8, 2023 Rulings, Pursuant to Fed. R. Civ. Pro. 54(b)* . (Baynard, Jasmyne) |
| 03/01/2023 | 137 | | LETTER from Attorney Wirth re additional appearance and NOTICE of Withdrawal of Attorney Kiley Zellner. (Wirth, Joseph) Modified on 3/2/2023 (rcm). |
| 03/01/2023 | 138 | | NOTICE of Appearance by Joseph M Wirth on behalf of All Defendants. Attorney(s) appearing: Joseph M Wirth (Wirth, Joseph) |
| 03/02/2023 | 139 | | NOTICE of Withdrawal by Jasmyne M Baynard on behalf of City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, James MacGillis, Luke Vetter.Attorney Kiley B. Zellner to be termed. (Baynard, Jasmyne) |
| 03/03/2023 | 140 | | ORDER signed by Judge J P Stadtmueller on 3/3/2023 DENYING 134 Plaintiffs' Motion for Reconsideration. (cc: all counsel)(jm) |

| 03/07/2023 | 141 | | OBJECTIONS by All Plaintiffs *to the Court's Proposed Forms of Verdict*. (Bertrand, Joy) |
|---|---|---|---|
| 03/08/2023 | 142 | | REDACTED DECLARATION of Timothy Cullen (Baynard, Jasmyne) Modified on 3/9/2023 (bx). |
| 03/08/2023 | 143 | | DECLARATION of Timothy Cullen (Baynard, Jasmyne) |
| 03/09/2023 | 144 | | MOTION for Witness to Appear via Videoconferencing by All Plaintiffs. (Attachments: # 1 Covid Test Results, # 2 Text of Proposed Order)(Bertrand, Joy) |
| 03/12/2023 | 145 | | AFFIDAVIT of Les B. Johns . (Attachments: # 1 Affidavits of service for Luke Vetter, Derek Dienhart, Nicole Gabriel, and Dwight Johnson, # 2 Email correspondence regarding subpoena service on Defendants)(Bertrand, Joy) |
| 03/12/2023 | 146 | | Supplemental Request for Jury Instructions by All Plaintiffs. (Bertrand, Joy) Modified on 3/13/2023 (bx). |
| 03/12/2023 | 147 | | OBJECTIONS by All Plaintiffs *to the Court's Draft Jury Instructions*. (Bertrand, Joy) |
| 03/13/2023 | 148 | | *Service of Subpoena* AFFIDAVIT of Les Johns *for Barry Weber and Carl Anderson*. (Bertrand, Joy) |
| 03/13/2023 | 149 | | Minute Entry for proceedings held before Judge J P Stadtmueller: Jury Trial begun on 3/13/2023 (Court Reporter Sue Armbruster) (vkb) (Entered: 03/15/2023) |
| 03/14/2023 | 150 | | Minute Entry for proceedings held before Judge J P Stadtmueller: Jury Trial completed on 3/14/2023 (Court Reporter Sue Armbruster) (vkb) (Entered: 03/15/2023) |
| 03/14/2023 | 151 | | Jury Instructions. (jm) (Entered: 03/16/2023) |
| 03/14/2023 | 152 | | SPECIAL VERDICT in favor of Defendant. (jm) (Entered: 03/16/2023) |
| 03/22/2023 | 153 | | TRANSCRIPT of Jury Trial (Excerpt) held on March 13, 2023 before Judge JP Stadtmueller Court Reporter/Transcriber Susan Armbruster, Contact at 414–290–2641. Transcripts may be purchased using the Transcript Order Form found on our website or viewed at the court public terminal. **NOTICE RE REDACTION OF TRANSCRIPTS:** If necessary, within 7 business days each party shall inform the Court of their intent to redact personal identifiers by filing a Notice of Intent to Redact. Please read the policy located on our website www.wied.uscourts.gov Redaction Statement due 4/17/2023. Redacted Transcript Deadline set for 4/27/2023. Release of Transcript Restriction set for 6/23/2023. (Armbruster, Susan) |
| 03/22/2023 | 154 | | TRANSCRIPT of Jury Trial – Excerpt 1 held on March 14, 2023 before Judge JP Stadtmueller Court Reporter/Transcriber Susan Armbruster, Contact at 414–290–2641. Transcripts may be purchased using the Transcript Order Form found on our website or viewed at the court public terminal. **NOTICE RE REDACTION OF TRANSCRIPTS:** If necessary, within 7 business days each party shall inform the Court of their intent to redact personal identifiers by filing a Notice of Intent to Redact. Please read the policy located on our website www.wied.uscourts.gov Redaction Statement due 4/17/2023. |

| | | | |
|---|---|---|---|
| | | | Redacted Transcript Deadline set for 4/27/2023. Release of Transcript Restriction set for 6/23/2023. (Armbruster, Susan) |
| 03/22/2023 | 155 | | TRANSCRIPT of Jury Trial – Excerpt 2 held on March 14, 2023 before Judge JP Stadtmueller Court Reporter/Transcriber Susan Armbruster, Contact at 414–290–2641. Transcripts may be purchased using the Transcript Order Form found on our website or viewed at the court public terminal. **NOTICE RE REDACTION OF TRANSCRIPTS:** If necessary, within 7 business days each party shall inform the Court of their intent to redact personal identifiers by filing a Notice of Intent to Redact. Please read the policy located on our website www.wied.uscourts.gov Redaction Statement due 4/17/2023. Redacted Transcript Deadline set for 4/27/2023. Release of Transcript Restriction set for 6/23/2023. (Armbruster, Susan) |
| 03/22/2023 | 156 | | TRANSCRIPT of Jury Trial – Excerpt 3 held on March 14, 2023 before Judge JP Stadtmueller Court Reporter/Transcriber Susan Armbruster, Contact at 414–290–2641. Transcripts may be purchased using the Transcript Order Form found on our website or viewed at the court public terminal. **NOTICE RE REDACTION OF TRANSCRIPTS:** If necessary, within 7 business days each party shall inform the Court of their intent to redact personal identifiers by filing a Notice of Intent to Redact. Please read the policy located on our website www.wied.uscourts.gov Redaction Statement due 4/17/2023. Redacted Transcript Deadline set for 4/27/2023. Release of Transcript Restriction set for 6/23/2023. (Armbruster, Susan) |
| 03/23/2023 | 157 | | Exhibit List by All Plaintiffs. (cmb) |
| 03/23/2023 | | | EXHIBITS received for All Plaintiffs Exhibit list filed. Flash drive as well. (cmb) |
| 03/30/2023 | 158 | | MOTION to Supplement *the Record* by All Plaintiffs. (Bertrand, Joy) |
| 03/30/2023 | 159 | | DECLARATION of Joy Bertrand in Support of Motion to Supplement the Record (Bertrand, Joy) |
| 04/03/2023 | 160 | | BILL OF COSTS Proposed by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, James MacGillis, Luke Vetter (Attachments: # 1 Itemization in Support of Bill of Costs, # 2 Exhibits to Itemization of Bill of Costs)(Baynard, Jasmyne) |
| 04/17/2023 | 161 | | OBJECTIONS by All Plaintiffs *to the Defense's Bill of Costs*. (Bertrand, Joy) |
| 04/18/2023 | 162 | | BRIEFING LETTER Electronically Transmitted to Parties re 160 Bill of Costs, 161 Objections. Response due 4/25/2023, and Reply due 5/2/2023. (cc: all counsel) (rcm) |
| 04/25/2023 | 163 | | REPLY filed by City of Wauwatosa, Derek Dienhart, Nicole Gabriel, Patrick Kaine, James MacGillis, Luke Vetter . (Baynard, Jasmyne) |
| 05/02/2023 | 164 | | REPLY filed by All Plaintiffs re 161 Objections . (Bertrand, Joy) |
| 05/04/2023 | 165 | 24 | ORDER signed by Judge J P Stadtmueller on 5/4/2023. The following claims of Plaintiffs' Complaint are DISMISSED: Count 1 (insofar as it may have been construed as a Fourth Amendment claim of unreasonable investigation, excessive force, and/or failure to intervene); Count 2 (Monell); Count 3 (negligence); Counts 4–6 (Wisconsin constitutional claims); Count 7 (negligent |

| | | | |
|---|---|---|---|
| | | | infliction of emotional distress); Count 8 (negligent hiring, training, and promotion); Count 9 (false imprisonment); and Count 10 (intentional infliction of emotional distress). Plaintiff's requests for declaratory, injunctive, or other equitable relief are DISMISSED. Defendants City of Wauwatosa, James MacGillis, Luke Vetter, Nicole Gabriel, and Derek Dienhart are DISMISSED from this action. Action is DISMISSED on the merits, together with Defendants' costs as may be taxed by the Clerk of Court. See Order. (cc: all counsel)(jm) |
| 05/04/2023 | 166 | 38 | JUDGMENT signed by Deputy Clerk and approved as to form by Judge J P Stadtmueller on 5/4/2023. Action is DISMISSED on the merits, together with Defendants' costs as may be taxed by the Clerk of Court. (cc: all counsel)(jm) |
| 05/04/2023 | | | Case Terminated per 165 . (rcm) (Entered: 05/05/2023) |
| 05/24/2023 | 167 | | COSTS TAXED for Defendant Patrick Kaine and against Plaintiffs in amount of $7,859.09 NOTICE: Pursuant to Civil L. R. 54(c) – A party may move for review of the Clerk of Court's decision taxing costs pursuant to Fed. R. Civ. P. 54(d) within 7 days from taxation. The motion, supporting papers, and scheduling must conform to Civil L. R. 7. (cc: all counsel) (vkb) |
| 06/02/2023 | 168 | 23 | NOTICE OF APPEAL as to 166 Judgment, 165 Order Dismissing Case,,,, Terminate Party,,, by All Plaintiffs. Filing Fee PAID $505, receipt number AWIEDC–4415002 (cc: all counsel) (Bertrand, Joy) |
| 06/02/2023 | 169 | | Attorney Cover Letter re: 168 Notice of Appeal (Attachments: # 1 Docket Sheet)(bx) |

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**AKIL CARTER, et al.**
      **PLAINTIFFS,**

**v.**                                      **Case No. 19CV1422-JPS**

**CITY OF WAUWATOSA, *et al.*;**
      **DEFENDANTS.**

---

## NOTICE OF APPEAL

PLEASE TAKE NOTICE that the Plaintiffs, Akil Carter, Paulette Barr, and Sandy Adams, by and through her attorney, Joy Bertrand, hereby appeal to the United States Circuit Court for the Seventh Circuit from the order and final judgment entered in this action on May 4, 2023. (ECF Docs. 165 and 166)

Respectfully submitted this Second day of June, 2023.

s/Joy Bertrand
Joy Bertrand
Attorney for Plaintiffs

Joy Bertrand, Attorney
Wisconsin Bar Number 1029483
PO Box 2734
Phone – 602-374-5321
Fax – 480-361-4694
Email – joyous@mailbag.com
www.joybertrandlaw.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AKIL K. CARTER, PAULETTE H.
BARR, and SANDRA K. ADAMS,

                Plaintiffs,

v.

PATRICK KAINE,

                Defendant.

Case No. 19-CV-1422-JPS

**ORDER**

Plaintiffs in this matter, Akil Carter ("Carter"), Paulette Barr, and Sandra Adams (collectively, "Plaintiffs"), sued Defendants the City of Wauwatosa ("Wauwatosa"), Patrick Kaine ("Kaine"), Chief of Police James MacGillis ("MacGillis"),[1] Luke Vetter ("Vetter"), Nicole Gabriel ("Gabriel"), and Derek Dienhart ("Dienhart") (collectively, for purposes of this Order, "Defendants"). ECF No. 1-2. The matter was tried to a jury beginning on March 13, 2023. During trial, Defendants moved pursuant to Federal Rule of Civil Procedure 54(b) to dismiss all Defendants except Kaine, and to dismiss Plaintiffs' claim pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), and the Court took the motion under advisement. ECF No. 149 at 5. Ultimately, only four questions were submitted to the jury: (1) whether Kaine seized Plaintiffs without reasonable suspicion on September 2, 2018; (2) if so, whether any Plaintiff was entitled to any compensatory damages; (3) if Kaine seized Plaintiffs without reasonable suspicion, whether he did so in reckless disregard of

---

[1]MacGillis was substituted for Barry Weber, prior Wauwatosa Chief of Police, pursuant to Plaintiffs' statement that the Weber was named as a Defendant only in his official capacity. ECF No. 18 at 1, n.1.

Plaintiffs' rights; and (4) if Kaine acted with reckless disregard, whether Plaintiffs were entitled to punitive damages. ECF No. 152 at 1–2.

On March 14, 2023, the jury rendered a Special Verdict and found that Kaine did not seize Plaintiffs without reasonable suspicion on September 2, 2018, and therefore did not answer any questions as to reckless disregard or damages. *Id.* The Court issues this Order contemporaneously with entry of Judgment to clarify the disposition of certain claims and Defendants which were not subject to the jury's Special Verdict.

## 1. ADDITIONAL PUTATIVE FOURTH AMENDMENT CLAIMS

The Complaint listed, as Count One, a single count of "Violations of the Plaintiffs' Civil Rights Under 42 U.S.C. § 1983," alleged against all Defendants. ECF No. 1-2 at 11. As the Court recognized on summary judgment, this count unquestionably includes an unreasonable seizure claim that Kaine initiated a traffic stop[2] of Plaintiffs' vehicle without reasonable suspicion to do so. ECF No. 108 at 20–28. When considering the parties' competing motions for summary judgment, the Court adopted Defendants' further construction of this count. ECF No. 108 at 2, n.3. Specifically, the Court—in response to Defendants' arguments—examined Count One as *potentially* articulating two additional, distinct factual bases for a Fourth Amendment claim:

- A claim that Defendants Kaine, Luke Vetter ("Vetter"), Nicole Gabriel ("Gabriel"), and Derek Dienhart ("Dienhart") conducted

---

[2]The Court stated on the record during trial its finding that the traffic stop at issue was a brief investigative stop, pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968), rather than a full custodial arrest. ECF No. 149 at 1.

the ensuing investigation in an unreasonable manner that exceeded the scope of the facts that first justified it, *id.* at 28–31;[3]

- A claim that Kaine, Vetter, Gabriel, and Dienhart used excessive force in conducting the traffic stop of Plaintiffs, or that Vetter failed to intervene in Kaine's use of excessive force, *id.* at 31–33.

The Court expressly noted Defendants' position that Plaintiffs had not sufficiently pleaded an excessive force claim, and generally had failed to specify which Defendants were subject to which counts and claims. *Id.* at 18, n.16.[4] Ultimately, the Court denied the cross-motions for summary judgment, due to the core question—whether Kaine had reasonable suspicion to stop Plaintiffs' vehicle—being the subject of a factual dispute, the resolution of which required a jury's fact and credibility determinations. *See id.* at 20–33.

All possible Fourth Amendment claims have been disposed of as follows. The jury found for Kaine on the question of reasonable suspicion, and the unreasonable seizure claim was never properly alleged as to Vetter,

_____

[3]The Court found definitively that Vetter, Gabriel, and Dienhart had no personal involvement in *initiating* the stop so could not be held liable on a unreasonable seizure theory. ECF No. 108 at 29–30.

[4]The Court failed to state expressly at summary judgment that any Fourth Amendment claim for direct-involvement liability was not properly alleged as to MacGillis (then Weber) and Wauwatosa. For the avoidance of doubt, the Court finds that MacGillis and Wauwatosa were never properly named as Defendants in Count One. This is because Plaintiffs stated MacGillis was only sued in his official capacity as Chief of Police and moreover made no allegations that then-Chief Weber was on the scene at the time of the subject events, *see* ECF No. 104 at 3, and therefore, as a matter of law, MacGillis and Wauwatosa can only be held liable for a violation of Plaintiffs' Constitutional rights on an official-policy theory of liability, not a direct-involvement theory. *See Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 689–90 (1978). Excluding this determination on summary judgment was an oversight, but the parties essentially never disputed that McGillis and Wauwatosa could not be liable as to Count One; the outcome then would have been the same as it is now.

Gabriel, and Dienhart. *See supra* note 3. An unreasonable investigation claim only ever existed to the extent that Defendants construed the Complaint as supporting such a claim, and moreover Plaintiffs did not press a "scope of investigation" claim in any of their pretrial filings. *See* ECF No. 125-7 at 1 (parties' joint proposed special verdict forms, articulating only an unreasonable seizure claim as to Kaine, Vetter, Gabriel, and Dienhart); ECF No. 125-5 (Plaintiffs' additional requested jury instructions, which do not include any instructions as to an unreasonable investigation claim); ECF No. 125-8 (Plaintiffs' additional requested special verdict forms, which do not include forms as to an unreasonable investigation claim). The Court therefore considers any unreasonable investigation claim abandoned as to Kaine, Vetter, Gabriel, and Dienhart. *See Palmer v. Marion County*, 327 F.3d 588, 597–98 (7th Cir. 2003) (deeming abandoned claims on which party presented no evidence and did not raise in briefing).

To the extent an excessive force claim ever existed in this case— which Defendants challenged both on summary judgment and in a motion *in limine, see* ECF No. 124-1 at 17—Plaintiffs also effectively abandoned any such claim.[5] Although Plaintiffs opposed Defendants' motion *in limine* on the basis that such a claim was sufficiently pleaded, Plaintiffs' pretrial filings did not reflect that they were seriously pressing this claim. *See* ECF

---

[5]Parenthetically, in light of the jury's determination that Kaine had reasonable suspicion to initiate a traffic stop of Plaintiffs (and in light of the fact that the parties have never disputed that the potential crime alleged as the basis for the stop was a robbery), it is doubtful that a jury presented with the question would have determined Kaine, Vetter, Gabriel, and/or Dienhart used excessive force in conducting the investigation. In any event, Plaintiffs have argued variously that either ordering Carter to his knees, handcuffing him, seating him in the back seat of a police vehicle while handcuffed, and/or the drawing of weapons, or some combination thereof, was excessive. This ill-defined theory of what act or acts of force were excessive makes it impossible for the Court to decide what case law might be on point.

No. 125-5 (Plaintiffs' additional requested jury instructions, which do not include any instructions as to an excessive force claim); ECF No. 125-8 (Plaintiffs' additional requested special verdict forms, which do not include forms as to an excessive force claim). It is also true that Plaintiffs' several filings on the eve of trial make offers of proof that, if liberally construed, could pertain to an excessive force claim. *See, e.g.*, ECF No. 141 at 3–4 (Plaintiffs' objections to Court's proposed verdict form, offering evidence that Kaine and Dienhart drew firearms). But "[i]t is not the responsibility of this Court or opposing counsel to try and piece together all potential theories of the case from scattered and opaque fragments in the [pretrial submissions] . . . ." *McFarland v. Tricam Indus., Inc.*, No. 13 C 4576, 2015 WL 3442027, at *5 (N.D. Ill. May 28, 2015), *aff'd*, 667 F. App'x 164 (7th Cir. 2016) (rejecting plaintiff's contention that references to certain theories of liability raised in pretrial submissions were a sufficient basis for the court to allow plaintiff to present evidence related to those theories at trial). Accordingly, any excessive force claim is deemed abandoned. For the same reasons, the Court considers abandoned any claim that Vetter (or any Gabriel or Dienhart, for that matter)[6] failed to intervene in a use of excessive force.

As should be evident from the above descriptions, Plaintiffs litigated this case in a manner that, to put it diplomatically, profoundly confused the Court as to what legal questions Plaintiffs viewed as actually in controversy, and why. (To be sure, there is plenty of blame to go around: Defendants could have addressed the above-described pleading snafus

---

[6] Plaintiffs' objections to the Court's proposed verdict form gesture at a failure to intervene claim as to Dienhart and Gabriel. *See* ECF No. 141 at 4. This was the first time the Court was aware of a failure to intervene claim being alleged as to these two Defendants. It should go without saying that claims apparently delineated for the first time in an offer of proof are not sufficiently pleaded so as to give the opposing party adequate notice to respond.

Case 2:19-cv-01422-JPS Filed 06/02/25 Page 5 of 14

with an early motion to dismiss, a motion for a more definite statement, or simply by identifying them to opposing counsel and not opposing the filing of an amended complaint.) As a result, and based on the observation that "the core issue in this case, indeed the issue on which all the other claims turn, is whether Officer Kaine had reasonable suspicion to initiate the vehicle stop of Plaintiffs," ECF No. 140 at 4, the Court in its discretion proposed submitting, and indeed did submit, only an unreasonable seizure claim as to Kaine to the jury, rather than adopt Plaintiffs' other amorphous theories of Fourth Amendment liability. *See* ECF No. 132 at 1. Based on the jury's resolution of that question and the Court's determinations above, the Fourth Amendment claims as to all other Defendants—to the extent they were sufficiently pleaded to begin with—are dismissed.

2.     *MONELL* CLAIM

In Count Two of their Complaint, Plaintiffs alleged a count of municipal liability, pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), arising from the alleged violation of Plaintiffs' constitutional rights.[7] ECF No. 1-2 at 11–16. Shortly before trial, and at the invitation of the Court, Plaintiffs made an offer of proof related to their *Monell* claim. ECF Nos. 141 at 4–10. The *Monell* claim was subject to a Rule 54(b) motion by Defendants, which the Court took under advisement. ECF No. 149 at 5. Ultimately, this claim was not submitted to

---

[7]Plaintiffs' theory of *Monell* liability, like their Fourth Amendment claim(s), is imprecise. One of Plaintiffs' pretrial filings demonstrates that they, at one point, represented to Defendants that they had two theories for their municipal liability claim: (1) that Wauwatosa had a de facto policy of racial profiling in traffic stops and (2) that Wauwatosa failed to train or supervise its officers to avoid unconstitutional seizures. ECF No. 125-5 at 30–31. Indeed, these are the theories that the Court examined on summary judgment. ECF No. 108 at 33–35. But in that very same document, Plaintiffs request inclusion of jury instructions for a third *Monell* theory that then-Chief Weber ratified the Defendant officers' conduct. ECF No. 125-5 at 14–15.

the jury. Because Plaintiffs failed to establish an underlying Constitutional violation, the *Monell* claim is essentially moot. Accordingly, although it survived summary judgment, *see* <u>ECF No. 108 at 33</u>–35, it will now stand dismissed.[8]

### 3.    STATE LAW CLAIMS

In addition to their federal claims, Plaintiffs alleged an array of state law claims, including:

- A negligence claim based on the circumstances under which the traffic stop was initiated and continued, Count Three of the Complaint;

- Claims under the Wisconsin Constitution for violations of the rights to due process, to equal treatment, and to be free from unreasonable search and seizure, Counts Four, Five, and Six of the Complaint;

- A negligent infliction of emotional distress claim, Count Seven of the Complaint;

- A negligent hiring, training, and promotion claim, Count Eight of the Complaint;

- A false imprisonment claim, Count Nine of the Complaint; and

- An intentional infliction of emotional distress claim, Count Ten of the Complaint.

*See* <u>ECF No. 1-2 at 16</u>–20.[9] At summary judgment, the Court—while acknowledging Defendants' argument that Plaintiffs' state law claims were

_____

[8]Plaintiffs' requests for "declaratory, injunctive, and other equitable relief reforming the Defendant City of Wauwatosa policies, practices, and procedures," *see* <u>ECF No. 1-2 at 21</u>, also must be dismissed because Plaintiffs have failed to prove any underlying Constitutional violation requiring redress.

[9]As Defendants pointed out in moving for summary judgment, some of the state law claims are pleaded as to *all* Defendants rather than specifying which

barred as a matter of law on either state sovereign immunity or governmental actor immunity grounds—declined to reach the merits of any state law claims given the factual dispute surrounding the federal claim. ECF No. 108 at 35–36.

The parties' pretrial submissions reflected their agreement as to jury instructions and special verdict forms on Plaintiffs' claims of negligence; negligent infliction of emotional distress; negligent hiring, training and promotion; false imprisonment; and intentional infliction of emotional distress. *See* ECF No. 125-4 at 39, 44–49; ECF No. 125-7. Defendants did not agree to Plaintiffs' proffered jury instructions or special verdict forms as to their three Wisconsin Constitutional claims. *See* ECF No. 125-5 at 19–23; ECF No. 125-8 at 5–6.

At trial, during the jury instructions conference, Plaintiffs objected to the exclusion of instructions and verdict forms on certain of their state law claims, on the basis that Defendants had agreed to the wording of the instructions and verdict forms related to those claims. ECF No. 149 at 13; *see also* ECF No. 155 at 4 (Plaintiffs' counsel objecting to the Court's exclusion of the parties' agreed-upon instructions as to "negligence, false imprisonment"). Defendants stated that the parties' agreement on those instructions and verdict forms did not necessarily indicate that Defendants conceded they were sufficiently pleaded. *Id.* at 14. When the Court prompted Plaintiffs for an offer of proof on the state law negligence claims as to Kaine, Vetter, Gabriel, and Dienhart, Plaintiffs responded that Defendants have a common law duty to Plaintiffs to uphold the Constitution and use the least restrictive means to conduct the traffic stop.

_____

Defendant did what with respect to whom (or explaining how a municipality could be liable in tort for negligent infliction of emotional distress). *See* ECF No. 108 at 18, n.6.

*Id.* Defendants countered that this was not enough to sustain the duty element of a negligence claim. ECF No. 155 at 6–7. That was the end of the matter; Plaintiffs raised no other substantive discussion of the instructions or verdict forms as to their state law claims in tort, nor made a case for inclusion of instructions or verdict forms on their Wisconsin constitutional claims. *See* ECF No. 149 at 13–15.

The Court will retain jurisdiction over Plaintiffs' state law claims in order to dismiss them.[10] The Court revisits and concurs in Defendants' arguments at summary judgment that Wisconsin's governmental immunity doctrine bars Plaintiffs' state law claims in tort. ECF No. 97 at 23–28. "Under Wisconsin law, the doctrine of governmental immunity is quite broad." *Est. of Perry v. Wenzel*, 872 F.3d 439, 462 (7th Cir. 2017). "The rule of governmental immunity provides that state officers and employees are immune from personal liability for injuries resulting from acts performed within the scope of their official duties." *Pries v. McMillon*, 784 N.W.2d 648, ¶ 20 (Wis. 2010). This has been interpreted to immunize all conduct that "involve[s] the exercise of discretion and judgment." *Milwaukee Metro. Sewerage Dist. v. City of Milwaukee*, 691 N.W.2d 658, ¶ 54 (Wis. 2005). "Public officer immunity does not apply to: (1) the performance of ministerial

---

[10]Although all federal claims in this case have either been resolved by the jury or dismissed by the Court, the Court will exercise its discretion to retain supplemental jurisdiction over the state law claims. *See Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906–07 (7th Cir. 2007) (affirming district court's relinquishment of state law claim that remained after trial, appeal, and remand, but noting that supplemental jurisdiction may be retained where, for example, "substantial federal judicial resources have already been expended on the resolution of the supplemental claims" or "where it is obvious how the claims should be decided"). Although the Court's summary judgment order declined to reach the merits of the state law claims, as explained in the balance of this section, resolution of these claims is fairly straightforward. This consideration, together with the consideration of judicial economy, both counsel in favor of exercising supplemental jurisdiction.

duties; (2) the performance of duties with respect to a known danger; (3) actions involving medical discretion; and (4) actions that are malicious, willful, and intentional." *Bicknese v. Sutula*, <u>660 N.W.2d 289</u>, ¶ 17 (Wis. 2003) (citation and internal quotation marks omitted).

None of these exceptions to governmental immunity applies. The known danger and medical discretion exceptions are clearly inapplicable based on the facts of this case. Plaintiffs have made no serious argument that Kaine was not exercising discretion in deciding to stop Plaintiffs' vehicle, and no serious argument that Vetter, Gabriel, and Dienhart were not exercising discretion in how they responded to Kaine's radio call for backup and how they acted on scene. Indeed, Plaintiffs' entire case rests on the notion that each of these four officers had alternative choices about what to do in the situation with which they were presented (for example, Kaine's choice to either act or not act on Carl Anderson's tip, and Dienhart's choice to either draw or not draw his service weapon in response to Kaine's report that he was responding to a robbery). Because Kaine, Vetter, Gabriel, and Dienhart were clearly exercising discretion in the discharge of their duties, the ministerial duty exception cannot be said to apply. *Cf. Sheridan v. City of Janesville*, <u>474 N.W.2d 799, 802</u> (Wis. 1991) (holding that decisions about initiating an arrest and using force are discretionary).

The jury's finding that Kaine had reasonable suspicion to stop Plaintiffs' vehicle is fundamentally incompatible with a finding that he acted in a manner that was malicious, willful, and intentional, i.e., that he stopped them for no good reason. The record is also utterly devoid of any evidence that Vetter, Gabriel, or Dienhart acted with malice, willfulness, or intent in participating in the investigation—they were relying on Kaine's representations as to the nature of the stop and the risks it posed. This exception—to the extent it even makes coherent sense as an exception to

immunity for *negligence* liability, which is subject to debate, *see Price as next friend of J.K. v. Mueller-Owens*, 516 F. Supp. 3d 816, 831 (W.D. Wis. 2021) (collecting and comparing cases)—does not apply either.

Accordingly, Plaintiffs' claims rooted in negligence—Counts Three, Seven, and Eight—are barred by the doctrine of governmental immunity and must be dismissed.[11] Similarly, Count Nine, a false imprisonment claim, is barred by the doctrine of governmental immunity, and in any event cannot be sustained in light of the jury's finding that Kaine lawfully seized Plaintiffs. Finally, Count Ten, an intentional infliction of emotional distress claim, is also barred due to governmental immunity, and as noted above, is not supported with any proof in the record that any of the officer Defendants acted with intent to cause harm.

Counts Four, Five, and Six, Plaintiffs' Wisconsin constitutional claims, must be dismissed because—even assuming Plaintiffs could actually prove such violations, which is in doubt in light of the jury's finding—"suits for damages are not permissible for violations of the Wisconsin Constitution" except in certain circumstances inapplicable here. *Maxwell v. Outagamie County Jail*, No. 20-CV-386, 2022 WL 17300881, at *4 (E.D. Wis. Nov. 29, 2022). This is true even when a municipality (rather than a state actor to whom state sovereign immunity applies) is alleged to have committed the violation. *Id.* (dismissing Wisconsin constitution count alleged against municipality); *see also Schworck v. City of Madison*, No. 19-CV-312-WMC, 2021 WL 1820779, at *19 (W.D. Wis. May 6, 2021), *aff'd as modified on other grounds*, No. 21-2055, 2022 WL 832053 (7th Cir. Mar. 21,

---

[11]This, of course, sets aside the question of what Defendants' duty, beyond upholding the federal Constitution, even was. The Court does not answer that question because the parties have not briefed it, but notes that Plaintiffs' arguments on this issue at trial were rather unpersuasive.

2022) (same); *Harper v. Giese*, No. 20-CV-493-PP, <u>2020 WL 7047822</u>, at *8 (E.D. Wis. Dec. 1, 2020) (same). To the extent Plaintiffs' request for declaratory, injunctive, or equitable relief from Wauwatosa policies, practices, or procedures was intended to apply to these counts, such relief cannot be granted because the allegations in support of those counts make no mention of any Wauwatosa policy, practice, or procedure that led to the alleged violations of the state constitution. *See* <u>ECF No. 1-2 at 16</u>–18.

**4.     CONCLUSION**

Based on the foregoing, the Court dismisses Counts Two through Ten of Plaintiffs' complaint, as well as Count One insofar as it may have been construed as a Fourth Amendment claim of unreasonable investigation, excessive force, and/or failure to intervene. The Court dismisses Plaintiffs' requests for declaratory, injunctive, or equitable relief. Because no claims remain against Defendants the City of Wauwatosa, James MacGillis, Luke Vetter, Nicole Gabriel, and Derek Dienhart, these Defendants are dismissed.

Accordingly,

**IT IS ORDERED** that Count One of Plaintiffs' Complaint, <u>ECF No. 1-2</u>, be and the same is hereby **DISMISSED** insofar as it may have been construed as a Fourth Amendment claim of unreasonable investigation, excessive force, and/or failure to intervene;

**IT IS FURTHER ORDERED** that Count Two of Plaintiffs' Complaint, a claim of liability pursuant to *Monell v. Department of Social Services of the City of New York*, <u>436 U.S. 658</u> (1978), be and the same is hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that Count Three of Plaintiffs' Complaint, a claim of negligence based on the circumstances under which

Case 2:19-cv-01422-JPS    Filed 06/02/23    Page 12 of 14    Document 170

the traffic stop was initiated and continued, be and the same is hereby **DISMISSED**;

IT IS FURTHER ORDERED that Counts Four, Five, and Six of Plaintiffs' Complaint, Wisconsin constitutional claims for due process, to equal treatment, and to be free from unreasonable search and seizure, be and the same are hereby **DISMISSED**;

IT IS FURTHER ORDERED that Count Seven of Plaintiffs' Complaint, a claim of negligent infliction of emotional distress, be and the same is hereby **DISMISSED**;

IT IS FURTHER ORDERED that Count Eight of Plaintiffs' Complaint, a claim of negligent hiring, training, and promotion, be and the same is hereby **DISMISSED**;

IT IS FURTHER ORDERED that Count Nine of Plaintiffs' Complaint, a claim of false imprisonment, be and the same is hereby **DISMISSED**;

IT IS FURTHER ORDERED that Count Ten of Plaintiffs' Complaint, a claim of intentional infliction of emotional distress, be and the same is hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that Plaintiffs' requests for declaratory, injunctive, or other equitable relief be and the same are hereby **DISMISSED**;

IT IS FURTHER ORDERED that the City of Wauwatosa, James MacGillis, Luke Vetter, Nicole Gabriel, and Derek Dienhart be and the same are hereby **DISMISSED** from this action; and

IT IS FURTHER ORDERED that this action be and the same is hereby **DISMISSED** on the merits**,** together with Defendants' costs as may be taxed by the Clerk of the Court**.**

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 4th day of May, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

AKIL K. CARTER, PAULETTE H.
BARR, and SANDRA K. ADAMS,

               Plaintiffs,

v.

CITY OF WAUWATOSA, JAMES
MACGILLIS, PATRICK KAINE, LUKE
VETTER, NICOLE GABRIEL, DEREK
DIENHART, JOHN DOES 1–3, and
JANE DOES 1–3,

               Defendants.

Case No. 19-CV-1422-JPS

**JUDGMENT**

**Jury Verdict**. This action came before the Court, presided over by the Honorable J.P. Stadtmueller, for a trial by jury. The issues having been tried and the jury having rendered a Special Verdict (ECF No. 152) on March 14, 2023; and the Court having previously considered Defendants' motion for summary judgment and Plaintiffs' amended motion for partial summary judgment (ECF Nos 95, 100, 108):

       **IT IS ORDERED AND ADJUDGED** that Defendants' motion for summary judgment (ECF No. 95) be and the same is hereby **DENIED** (ECF No. 108);

       **IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiffs' amended motion for partial summary judgment (ECF No. 100) be and the same is hereby **DENIED** (ECF No. 108);

       **IT IS FURTHER ORDERED AND ADJUDGED** that Defendants John Does 1–3 and Jane Does 1–3 be and the same are hereby **DISMISSED** from this action (ECF No. 108);

**IT IS FURTHER ORDERED AND ADJUDGED** that Count One of Plaintiffs' Complaint, ECF No. 1-2, be and the same is hereby **DISMISSED** insofar as it may have been construed as a Fourth Amendment claim of unreasonable investigation, excessive force, and/or failure to intervene (ECF No. 165);

**IT IS FURTHER ORDERED AND ADJUDGED** that Count Two of Plaintiffs' Complaint, a claim of liability pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), be and the same is hereby **DISMISSED** (ECF No. 165);

**IT IS FURTHER ORDERED AND ADJUDGED** that Count Three of Plaintiffs' Complaint, a claim of negligence based on the circumstances under which the traffic stop was initiated and continued, be and the same is hereby **DISMISSED** (ECF No. 165);

**IT IS FURTHER ORDERED AND ADJUDGED** that Counts Four, Five, and Six of Plaintiffs' Complaint, Wisconsin constitutional claims for due process, to equal treatment, and to be free from unreasonable search and seizure, be and the same are hereby **DISMISSED** (ECF No. 165);

**IT IS FURTHER ORDERED AND ADJUDGED** that Count Seven of Plaintiffs' Complaint, a claim of negligent infliction of emotional distress, be and the same is hereby **DISMISSED** (ECF No. 165);

**IT IS FURTHER ORDERED AND ADJUDGED** that Count Eight of Plaintiffs' Complaint, a claim of negligent hiring, training, and promotion, be and the same is hereby **DISMISSED** (ECF No. 165);

**IT IS FURTHER ORDERED AND ADJUDGED** that Count Nine of Plaintiffs' Complaint, a claim of false imprisonment, be and the same is hereby **DISMISSED** (ECF No. 165);

**IT IS FURTHER ORDERED AND ADJUDGED** that Count Ten of Plaintiffs' Complaint, a claim of intentional infliction of emotional distress, be and the same is hereby **DISMISSED** (ECF No. 165);

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiffs' requests for declaratory, injunctive, or other equitable relief be and the same are hereby **DISMISSED** (ECF No. 165);

**IT IS FURTHER ORDERED AND ADJUDGED** that the City of Wauwatosa, James MacGillis, Luke Vetter, Nicole Gabriel, and Derek

Dienhart be and the same are hereby **DISMISSED** from this action (ECF No. 165);

 IT IS FURTHER ORDERED AND ADJUDGED that Defendant Patrick Kaine did not seize Plaintiffs without reasonable suspicion on September 2, 2018 (ECF No. 152);

 IT IS FURTHER ORDERED AND ADJUDGED that Plaintiffs Akil K. Carter, Paulette H. Barr, and Sandra K. Adams shall have and recover nothing from Defendant Officer Patrick Kaine on Plaintiffs' unreasonable seizure claim (ECF No. 152); and

 IT IS FURTHER ORDERED AND ADJUDGED that this action be and the same is hereby **DISMISSED** on the merits, together with Defendants' costs as may be taxed by the Clerk of the Court (ECF Nos. 149, 165).

APPROVED:

_____
J.P. Stadtmueller
U.S. District Judge

GINA M. COLLETTI
Clerk of Court

May 4, 2023                              *s/ Jodi L. Malek*
_____        _____
Date                                    By: Deputy Clerk